[Sac. No. 1467.   Department One.—April 11, 1907.]

GEORGE E. HAIGHT, Administrator of the Estate of Cor-nelius Haight, Respondent, v. CHARLES HAIGHT, Ap-pellant.

FINDINGS—CONSTRUCTION—JUDGMENT.—Findings are to be read and con-sidered together, and, if possible, are to be reconciled so as to prevent any conflict on material points; and unless the conflict is clear and the findings incapable of being harmoniously construed, a judgment will not be reversed on the ground of a conflict in the findings.

ID.—PARTNERSHIP ACCOUNTING.—In an action for an accounting of partnership affairs the finding reviewed and *held* not conflicting, and to sustain a judgment in favor of the plaintiff for an account-ing as to the partnership real and personal property.

ID.—CONVEYANCE BY ONE PARTNER TO ANOTHER—TENDER OF CONSID-ERATION.—Where conveyances are made of partnership property by

one partner to the other, solely for the better management of the partnership affairs and for partnership purposes, the partner making the conveyances is not required, as a condition precedent to his right to maintain an action for an accounting, to restore or offer to restore whatever of value he has received for the conveyances.

APPEAL from a judgment of the Superior Court of Siskiyou County.    J. S. Beard, Judge.

The facts are stated in the opinion of the court.

R. S. Taylor, and G. A. Teblee, for Appellant.

Gillis & Tapscott, for Respondent.

ANGELLOTTI, J.—This is an action for an accounting of the affairs of an alleged partnership existing between plaintiff's intestate and defendant.

The allegations of the complaint were substantially as follows:   The deceased and defendant were at the time of the death of the deceased, January 2, 1902, partners in the business of farming and stockraising, and had been such for thirty years next preceding such death.    Defendant kept the partnership accounts and handled the partnership funds.    They acquired as such partners both real and personal property, the legal title thereto standing, however, in the name of either one or the other of the partners for long periods of time, until, finally, by deeds dated February 15, 1901, and March 23, 1901, deceased, for the better management and control of the partnership affairs, conveyed to defendant the legal title of all his undivided one half of certain of the real property.    On October 14, 1901, he conveyed to defendant his undivided one half of some eight hundred and forty-eight acres of land, upon the representation of defendant that it was necessary for him to have such title in order to make suitable arrangements to pay the indebtedness of the firm. No settlement of the partnership affairs was ever had, and at the time of the death of deceased all the land described in the complaint was in the name of defendant on the records, and this, with certain personal property, also described in the complaint, constituted the property of such partnership. The claim of defendant, as asserted by his answer, was, substantially, that while there had been a partnership, it had

been finally dissolved by mutual agreement on October 14,
1901, at which time there had been a full settlement between
the partners, and a delivery to each of the property belonging
to him; that the property conveyed to defendant by the deeds
of February 15, 1901, and March 23, 1901, was conveyed in
exchange for certain real estate conveyed to deceased by de-
fendant, and that the deed of October 14, 1901, was made in
the settlement of the partnership affairs and upon a considera-
tion; that all of the real and personal property described in
the complaint was at the time of the death of deceased his
own property. The findings and decree were in favor of
plaintiff upon these matters. The decree adjudges the part-
nership to be the owner of all said property and the plaintiff
as the representative of the deceased to be entitled to a full
accounting from defendant, and requires defendant to so ac-
count, and further directs that he render and file within
thirty days an itemized statement of the partnership trans-
actions, and that upon the final settlement thereof the balance
remaining on hand shall be divided equally between plaintiff
and defendant.

Defendant has appealed from the judgment upon the judg-
ment-roll alone.

The trial court called in an advisory jury and submitted to
it certain issues of fact for determination, the questions sub-
mitted to the jury numbering twenty-five. The court
adopted as its own the findings of the jury upon the
questions submitted, making also certain additional findings
of its own.

It is contended that the findings are inconsistent in several
particulars. In considering this claim, we must continually
bear in mind the well-settled rule that the findings are to be
liberally construed in support of a judgment; that all of the
findings are to be read and considered together, and, if possi-
ble, are to be reconciled so as to prevent any conflict on mate-
rial points; and that unless the conflict is clear and the findings
incapable of being harmoniously construed, a judgment will
not be reversed on the ground of a conflict in the findings.
(See *Ames* v. *City of San Diego,* 101 Cal. 390, 395, [35 Pac.
1005]; *Murray* v. *Tulare Irr. Co.,* 120 Cal. 311, 315, [49 Pac.
563, 52 Pac. 586]; *People's Home Sav. Bank* v. *Rickard,* 139
Cal. 285, 291, [73 Pac. 858]; *Mitchell* v. *Hutchinson,* 142 Cal.

404, 409, [76 Pac. 55]; *Heaton* v. *Arper,* 145 Cal. 282, 285, [78 Pac. 721].)

The jury explicitly found, in response to four questions, that the only settlement between the partners was on October 14, 1901, and that such settlement was only a partial settlement, and covered only a portion of the personal property, and that at this settlement the personal property affected thereby was divided between the partners, and the respective portions assigned to the partners delivered to them. In answer to the final question submitted to it, which was, substantially, If you find that there was a settlement of partnership affairs, and a division of the partnership, was Cornelius Haight at such time afflicted with weakness of mind, etc.? the jury answered: "We find there was no settlement." It is urged that this answer is inconsistent with the others before noted. It is clearly apparent, taking all the findings together, that the last question and answer had reference solely to the full and complete settlement alleged in the answer, and under these circumstances there is no inconsistency whatever.

In answer to certain other questions, the jury found that the real property conveyed to defendant by the deeds of February 15, 1901, and March 23, 1901, was so conveyed for the purpose of enabling defendant to manage the affairs of the partnership and to be used as partnership property, and that it was not conveyed to him for his sole use or benefit, or in exchange for real estate conveyed to Cornelius by defendant, and that the property conveyed by the deed of October 14, 1901, was intended to be used as partnership property at all times until a final settlement should be had. It further explicitly found that, at the time of death of Cornelius, all of the property described in the complaint, both real and personal, was owned by the partnership. In answer to certain other questions asked as to whether Cornelius received any consideration, or any consideration proportionate to its value, for any of the property so conveyed to defendant, the jury answered, "No adequate consideration," "No," and the consideration, if any, "was grossly disproportionate to its real value." It is urged that this presents a material conflict. It is apparent that the latter questions and answers were material only in the event that it was found that the allegations of the complaint as to the property being transferred to defendant solely as part-

nership property for partnership purposes were not sustained. As suggested by learned counsel for defendant, if those allegations were true, there was no room for any question as to consideration. The findings upon the questions as to the purposes and objects of the conveyances are clear and explicit in support of the allegations of the complaint, and fully cover the issues in that behalf. There is nothing in the other findings referred to that necessarily conflicts with these findings. There is no finding in terms of *any* consideration moving from defendant to Cornelius for any of these conveyances, and such a conclusion is not necessarily inferable from the findings made. Assuming that if there was a consideration moving from defendant to Cornelius for the making of these conveyances, that fact would be in conflict with the other findings as to the objects and purposes of such conveyances, we would not be warranted in drawing an inference of the fact of consideration from the language of the findings, for the purpose of creating a conflict. (See *Paine* v. *San Bernardino etc.*, 143 Cal. 654, 656, [77 Pac. 659].) It is, however, entirely consistent with the fact of a transfer of property to the partnership solely for partnership purposes, that a consideration should have been given to the grantor by the other partner or partners.

Certain answers of the jury, adopted as findings, relate to the mental condition of Cornelius on February 15, 1901, March 23, 1901, and October 14, 1901, the question in each case being as to whether he was afflicted with "great or any weakness of mind, either from old age, sickness, disease, use of morphine or other cause or causes," and the answer was in one case, "Yes," and in the others, "Yes, to some extent." There is absolutely nothing in this that is in conflict with any other finding. It is suggested that the finding of a partial settlement on October 14, 1901, is in conflict with these answers, but of course the mere fact that there was some slight weakness of mind on the part of Cornelius, which is all that the answers show, would not preclude a valid settlement.

The jury were asked to state whether Cornelius, at the time of his death, owned any real estate in his individual right, and, if he did, to state what improvements, if any, were placed thereon and paid for from the funds of the partnership, and, if so, whether the same were repaid or refunded.

The answer was simply "No," being evidently to the first part of the question,—viz. as to whether Cornelius owned any property in his individual right *at the time of his death,* January 2, 1902. The court, in its additional findings, found that in 1890, Cornelius had erected a dwelling-house upon a tract of land of thirty acres owned by him in his individual right, at an expense of about fifteen hundred dollars, which was paid from partnership funds, and had never been directly repaid, but that this separate property had an annual value of at least one hundred and fifty dollars, and had been used for more than ten years, both for the support of his family and the benefit of the partnership. There is no conflict between the answer of the jury and the additional finding of the court, the answer of the jury having reference solely to the question of ownership at the time of the death of Cornelius, in 1902. Nor, assuming that the matter is at all material, do we see any conflict in the additional findings of the court as to the purposes for which the income of this property was used.

In view of the claim made by the complaint and upheld by the findings that the conveyances were made solely for the better management of the partnership affairs, and for partnership purposes, and that the property was at all times thereafter purely partnership property, we fail to perceive the applicability of the rule relative to the necessity of restoring or offering to restore whatever of value one has received for a conveyance, before relief against a conveyance made by reason of fraud, mistake, etc., will be allowed. This is not an action to set aside a conveyance. Plaintiff is acquiescing in the conveyances made, seeking simply to have the property thus put for the sake of convenience in the name of one of the partners, subjected to the uses and purposes for which it was so placed.

As we have seen, it is not the effect of the findings that there was a consideration moving from defendant to Cornelius for any of the conveyances thus made, and in view of the issues and findings upon the questions as to the sole objects and purposes of these conveyances, we deem the allegation as to want of consideration contained in the complaint immaterial and superfluous. The findings are in all material respects sufficient to cover the allegations of the answer upon the subject of the purposes of the conveyances.

Upon the record before us, we see no ground for interfering with the judgment.

The judgment is affirmed.

Shaw, J., and Sloss, J., concurred.