[Civ. No. 6950. First Appellate District, Division Two.—August 21, 1929.]

FRANK E. KETELHUT, Respondent, v. LOUIS GUN-THER et al., Appellants.

410

George Allan Smith for Appellants.

John G. Robertson for Respondent.

STURTEVANT, J.—Plaintiff commenced an action against the defendants to recover moneys alleged to be due. The defendants appeared and filed an answer, a counterclaim and a cross-complaint. The plaintiff answered the cross-complaint, and a trial was had before the trial court sitting with a jury. The jury returned a verdict in favor of the plaintiff and from a judgment entered thereon the defendants have appealed under section 953a of the Code of Civil Procedure.

In points 1, 2, 3, 6 and 7 the defendants cite portions of the record which, they claim, would have justified a verdict in their favor. Conceding this claim in its entirety, it must also be conceded that there was evidence which supported the verdict. Under these circumstances a court of review may not disturb the verdict.

On the fifteenth day of June, 1925, the plaintiff as vendor and the defendants as vendees entered into a formal written contract by the terms of which the plaintiff agreed to sell and the defendants agreed to buy a bakery in the city of Richmond, Contra Costa County. By the terms of that instrument the sales price was fixed at $12,500. That amount was payable $1,000 on the execution of the agreement, $4,000 not later than November 2, 1925, and promissory notes in the sum of $7,500, to be executed and delivered November 2, 1925. On the delivery of the second payment in cash and the aforesaid notes, the vendor was to surrender possession. The cash payments and notes were delivered as

agreed and the vendees went into possession on November 2, 1925. Between June 15, 1925, and November 2, 1925, the parties held certain conversations. On the trial of the case the defendants sought to show that in those conversations the vendor made certain representations which induced them to enter into the contract, but the trial court instructed the jury that representations made subsequent to June 15, 1925, could not be used for the purpose claimed. The court did not err in giving those instructions.

■ In their cross-complaint the defendants alleged that the vendor made several misrepresentations for the purpose of inducing them, and which did induce them, to enter into the contract. The plaintiff interposed an answer in which he denied specifically those allegations. On the trial of the action both parties entered very fully upon the trial of each and every issue so made. However, the plaintiff was called as a witness in rebuttal and, after being examined by his own counsel, was cross-examined. During that cross-examination the attorney for the defendants sought to impeach him by the allegations of his answer. On being shown the pleading and his attention called to the signature he stated that it was not his signature. Thereafter the defendants requested and the trial court refused three proposed instructions (Reporter's Transcript, p. 348) which were of the general import that the jury should consider the facts as stated in the cross-complaint as admitted. Both parties had treated the answer as sufficient and had fully introduced their evidence on the issues made by the cross-complaint and the answer thereto. The proposed instructions were properly refused. (*Henderson* v. *Northam,* 176 Cal. 493 [168 Pac. 1044].) ■ Still making the same contention, at a later date the defendants made a motion to set aside and vacate the verdict and judgment entered thereon and to enter the default of the plaintiff on the cross-complaint. The motion was denied. In making the order denying the motion the trial court did not err. The attack came too late.

■ After the defendants entered into possession November 2, 1925, they did not find business as good as they expected. One or more of them continued to operate the business until some time in January, 1926. At about that time each and all had withdrawn and plaintiff again went

into possession. Our attention has not been called to any fact which operated to terminate the contract. Nevertheless, the defendants now contend that the trial court erred in entering any affirmative judgment against the defendants because the plaintiff held $5,000 in cash and promissory notes in the sum of $7,500. There is no merit in the claim.

■ The defendants requested and the trial court refused an instruction worded as follows: "You are instructed that if the plaintiff made the alleged false representations charged by the defendants and cross-complainants they were entitled to take the word of the plaintiff therefor, and were not required to make an independent investigation of their own to verify the same, or to ascertain the truth or falsity thereof." It was apparently a sound statement of the law and should have been given.

■ Acting upon the request of the plaintiff the trial court gave an instruction which was worded as follows: "I instruct you that in general, parties must rely upon their own judgment and investigate before making contracts. Consequently, where there is no relation of especial trust or confidence, and where the means of knowledge are at hand and are equally available to both parties, and the subject matter is alike open to their inspection, if one of them does not avail himself of those means and opportunities when he might readily ascertain the truth by ordinary care and attention his failure to do so is the result of his own negligence and he will not be heard to say that he was deceived by the other's misrepresentations." The defendants contend that the instruction was an erroneous statement of the law applicable to the facts of this case. The plaintiff replies that the instruction is a correct statement of the law and he cites *Oppenheimer* v. *Clunie*, 142 Cal. 313, 321 [75 Pac. 899]; *Board of Commrs.* v. *Younger*, 29 Cal. 172, 176; 12 Cal. Jur. 756. The language relied on in the Oppenheimer case was addressed to "the condition of the exits and stairways" of a theater. The language used in the Younger case was used with reference to the quantity of land contained in a tract which either party could have had surveyed. The instruction, as given, is a verbatim copy of a portion of section 33 of the article "Fraud and Deceit," 12 Cal. Jur. In the instant case if the instruction as given had been confined to the physical property which was the subject of the

sale it might not have been objectionable. However, the principal contention of the defendants was based on a written statement made by the plaintiff in which he stated that the business of the bakery was "over $6,000 monthly." Furthermore, the uncontradicted evidence was that the plaintiff kept no books. As to the past accounts of the vendor it may not be said "the means of knowledge are at hand and and are equally available to both parties." The errors in giving and refusing instructions which we have just noticed struck at the very roots of the case which the defendants were attempting to present on their cross-complaint, and were highly prejudicial to them.

The judgment is reversed.

Koford, P. J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 19, 1929, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 17, 1929.

All the Justices present concurred.