[Civ. No. 7877. First Appellate District, Division One.—April 2, 1932.]

FERN McGLOTHIN, Respondent, v. GUISEPPE LARUSSA et al., Defendants; CITY AND COUNTY OF SAN FRANCISCO, Appellant.

John J. O'Toole, City Attorney, and Henry Heidelberg, Deputy City Attorney, for Appellant.

Ford & Johnson and Fletcher A. Cutler for Respondent.

THE COURT.—An appeal from a judgment entered upon a verdict in favor of plaintiff and against defendant City and County of San Francisco.

A judgment in the same action as against Guiseppe Larussa, who was joined as a defendant with the municipality, was heretofore affirmed. (*McGlothin* v. *Larussa*, 121 Cal. App. 758 [10 Pac. (2d) 118].) The action was one for damages sustained by plaintiff while a passenger in a jitney bus operated by Larussa, which came in collision with a truck owned and operated by the municipality.

The latter claims that the implied finding that its employee was negligent is unsupported; that the evidence shows that the sole proximate cause of the injuries complained of was the negligence of Larussa, and further that the verdict is excessive notwithstanding an order of the trial court reducing the amount awarded by the jury.

At about 8 o'clock A. M. on November 22, 1929, the jitney bus was proceeding north on the right-hand side of Valencia Street in San Francisco. According to the testimony when the bus reached the intersection of Valencia Street with Nineteenth Street, which runs east and west, it passed the southerly curb line of Nineteenth Street at a speed between thirty and thirty-five miles an hour. At about the same time a five-ton truck twenty-one feet long and seven feet wide, owned and operated by the municipality and which had been traveling south on Valencia Street, entered the intersection, and a collision between the two vehicles occurred in the east half thereof. There was some testimony that the truck was also traveling at an excessive speed. It appears without dispute that the driver of the truck was turning to his left, and that in so doing he did not pass beyond the center of the intersection. Under the provisions of section 129 of the California Vehicle Act it would have been his duty to do so unless otherwise directed by "turning markers" at the intersection. The above section provided that boards of supervisors and legislative bodies of cities and towns might by ordinance prescribe a different method of turning at any intersection of highways, provided "markers" or other devices should be located upon the pavement and within the intersection, clearly indicating the course to be traversed by vehicles turning at such intersection. It is admitted that the supervisors of the municipality had adopted such an ordinance, and that on and along the curb lines crossing the intersection were certain markers or buttons, one being on the north curb line of Nineteenth Street approximately in the center of Valencia Street. The court instructed the jury that the said ordinance provided that "the operator of a vehicle intending to turn to the left at an intersection or an alley or driveway shall approach the point of turning in the line of traffic next to the center of the roadway . . . The operator of a vehicle in turning left at an intersection shall pass to the right of the center of the intersection before turning except where markers have been placed upon the intersection boundary line to be crossed by vehicles, and the operator shall pass to the right of such markers."

It was the duty of the driver of the truck to drive at a careful and prudent speed not greater than was reason-

able having due regard for the traffic (Cal. Vehicle Act, sec. 113) ; and assuming in view of the ordinance that he was not bound to pass south of the center of the intersection before turning to his left, it was nevertheless his duty to pass to the right of the button in the center of Valencia Street on the north curb line of Nineteenth Street. According to some of the witnesses he failed to do this but turned to the north of this button into the northeast quarter of the intersection, where the collision occurred. Others testified in effect that the course of the truck was over the button, its left wheels only passing to the north or left thereof. The municipality claims that the testimony of these witnesses was inherently improbable; that they were contradicted by others, and that the implied finding by the jury that the driver of the truck was negligent in this respect is unsupported. We have read the testimony of the witnesses, and cannot say that they were unworthy of belief or that their testimony was inherently improbable. ■ The question of their credibility, even where contradictions and inconsistencies appear, as well as the weight to be given their testimony, was for the jury (Code Civ. Proc., secs. 1847, 2061; 2 Cal. Jur., Appeal and Error, sec. 551, p. 938), and the appellate court may only consider its legal sufficiency as distinguished from its probative force. (*Smith* v. *Royer,* 181 Cal. 165 [183 Pac. 660].) Nor will it disturb a verdict even though it would have found the other way had it occupied the place of the jury. (*Clopton* v. *Clopton,* 162 Cal. 27 [121 Pac. 720].) Moreover, the judge who presided, and who saw and heard the witnesses, passed upon the motion for a new trial, one of the grounds of the motion being the insufficiency of the evidence. Presumably the same arguments as to the weight to be given this testimony were there made, and decided adversely to the contention of the municipality. We cannot say that there was no substantial evidence supporting the conclusion that the driver of the truck was negligent, or that his negligence was not a proximate cause of the damage suffered by plaintiff.

■ To warrant a verdict against either defendant it was sufficient for plaintiff to prove by a preponderance of the evidence that the negligence of such defendant proximately contributed to the damage. (19 Cal. Jur., Negligence, sec.

20, p. 572; *Merrill* v. *Los Angeles Gas & Elec. Co.*, 158 Cal. 499 [139 Am. St. Rep. 134, 31 L. R. A. (N. S.) 559, 111 Pac. 534] ; *Springer* v. *Pacific Fuel Exchange*, 92 Cal. App. 732 [268 Pac. 951].)

The jury returned a verdict for $25,000, which later was reduced to $15,000. Plaintiff, who was twenty-eight years of age, was employed as a typist at a salary of $100 per month. As a result of the accident she suffered a depressed fracture of the skull and, as her physician testified, not only a brain concussion but a brain contusion—as he described it, a brain tearing, his opinion being ''that there were adhesions of both meninges of the brain in the fracture, which is permanent''; furthermore, that she is ''disabled from the vocation of clerk or stenographer or working as a relief telephone operator in a large business''; also that she suffered a well-marked nervous shock ''the effect of which will be projected into months and years''. Another physician, who performed an operation upon her skull made necessary by her injuries, described their extent and the lacerations which she received. Plaintiff also described her injuries and their after-effects, from which she was still suffering at the time of the trial; and in this connection one of her physicians testified that she will show a lowered nervous reserve, and as a reasonable certainty a mental type of ''dynamopathical apoplexy''—as he explained, ''periods when she is not up to standard mentally''.

The verdict of a jury awarding damages cannot be set aside as excessive unless it is so plainly so as to warrant the conclusion that it was the result of passion or prejudice. (*Perry* v. *Angelus Hospital Assn.*, 172 Cal. 311 [156 Pac. 449].) The question in the first instance is for the trial court; and in considering an attack upon a verdict as excessive the reviewing court must treat every conflict in the evidence favorably to respondent, and give him the benefit of every inference which can reasonably be drawn in support of his claim. (*Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237, 254 [116 Pac. 513].) It is a reasonable conclusion from the evidence that plaintiff's injuries were not only serious and painful but that they will be permanent, and we cannot say as a matter of law that the amount to which the judgment was reduced is excessive.

Finally it is urged that the trial court unduly restricted the cross-examination of one of plaintiff's witnesses, but we find no merit in this contention.

We are satisfied that the verdict on the question of the negligence of the municipality was fully supported; that the judgment as finally entered is not excessive, and that no error has been shown which would justify a reversal.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 2, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 31, 1932.