[Civ. No. 8412. First Appellate District, Division Two.—July 28, 1932.]

F. A. STAHMER, Appellant, v. HERMAN A. STAHMER, Respondent.

Montgomery Flynn for Appellant.

Owen D. Richardson and Donald B. Richardson for Respondent.

NOURSE, P. J.—Plaintiff sued to quiet title to certain real property and defendant had judgment. Plaintiff appeals on typewritten transcripts.

The parties are both sons of Mrs. Auguste Stahmer, deceased, who, in August, 1918, executed her deed of gift conveying her property to plaintiff. This deed she delivered to a third person with written instructions to deliver it to plaintiff upon her death. In October, 1926, the mother executed another deed conveying the same property to defendant in consideration of a written contract wherein defendant undertook to care for his mother during the remainder of her life and to pay a fixed sum monthly to

134

another brother. This deed was recorded on the day of its execution. Mrs. Stahmer died April 15, 1929, and thereafter plaintiff recorded his deed.

When the cause was called for hearing each counsel stated his version of the issues—the plaintiff predicating his case on whether the defendant was an innocent purchaser for value and whether plaintiff was estopped to assert his rights under his deed; the defendant adding that the knowledge of the defendant and the consideration he paid the grantor were also in issue. The trial court found that the plaintiff was estopped to claim any rights under his deed, but failed to find explicitly that the defendant was an innocent purchaser or that the consideration paid was of value.

On this appeal the appellant bases his attack upon the finding of estoppel. In this we are in accord with his contention that the evidence is insufficient to support the finding, and we may assume that respondent is also in accord as he makes no effort to defend the finding. The record is void of any evidence tending to prove any one of the essential elements of an estoppel as defined in section 1962 of the Code of Civil Procedure. (See, generally, 10 Cal. Jur., p. 627.)

Appellant also argues that respondent at all times had knowledge of the deed of gift to appellant and that he was not therefore an innocent purchaser. In this respect the evidence is conflicting. The appellant and another witness testified to conversations had with respondent regarding the deed of gift. The respondent denied these conversations *in toto*. The trial court, having all witnesses before it, had to decide which was entitled to belief, and we do not find in the respondent's testimony such inherent improbability that we could say as a matter of law that his testimony should be rejected. Though the findings are inaptly drawn, it seems to have been the intention to find that respondent executed the contract with his mother in ignorance of the prior deed to appellant, that he faithfully performed his contract with her, and that he was an innocent purchaser for value.

The real question on this appeal is whether, in the absence of an estoppel, respondent may have his title quieted upon the showing that he was an innocent purchaser for value. The answer to this question depends upon whether the grantor intended to part with title when she delivered

the deed of gift to a third party in 1918. If she did not and that deed was testamentary she retained the right to revoke it and hence respondent's title is clear. The written instructions to the escrow-holder being incomplete the grantor's intention is a question of fact. (*Bury* v. *Young*, 89 Cal. 446 [35 Am. St. Rep. 186, 33 Pac. 338]; *Williams* v. *Kidd*, 170 Cal. 631 [Ann. Cas. 1916E, 703, 151 Pac. 1]; *Kimbro* v. *Kimbro*, 199 Cal. 344, 350 [249 Pac. 180]; *Manwell* v. *Board of Home Missions, etc.*, 122 Cal. App. 599 [10 Pac. (2d) 787].) As an issue of fact it was an essential element of plaintiff's case and the burden was upon him to prove it in support of his allegation that the deed of gift was delivered to a third party for his benefit "without reservations or exceptions". No proof having been offered we must assume, in support of the judgment, that if evidence had been tendered and findings made, these findings would have been adverse to appellant.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.