[Civ. No. 10535.   Second Appellate District, Division One.—July 31, 1936.]

MARION MACHINE, FOUNDRY & SUPPLY CO. (a Corporation), Respondent, v. ARTHUR GOULD et al., Appellants.

Wendell P. Hubbard and R. R. Colby for Appellants.

A. S. Goldman and Charles I. Rosin for Respondent.

WHITE, J., *pro tem.*—Respondent brought this action to recover certain personal property alleged to be wrongfully detained by appellants. The cause was tried before the court, sitting without a jury, resulting in a judgment for respondent, from which judgment, and from an order denying a motion for a new trial, this appeal is prosecuted.

The facts germane to this proceeding are, that during the year 1930 the firm of Stillion & Hillegas, as copartners, were engaged in the drilling of an oil well on premises located in the city of Inglewood. As such copartners, they purchased of respondent, from time to time, certain oil well supplies and accessories, including the personal property in question here. To secure their indebtedness to respondent the co-partners, on December 2, 1930, executed a promissory note to the former in the sum of $2,000, together with a chattel mortgage securing the same, covering the property described in the first amended complaint herein. In April, 1931, the firm of Stillion & Hillegas went into bankruptcy, and on June 16, 1931, respondent filed proof of its claim against said copartners in the sum of $1444.24, due on conditional sales contracts, and for $12.65 due on the chattel mortgage. In December, 1932, an agreement was entered into between the appellant Gould and the trustee in bankruptcy for Stil-

lion & Hillegas, which agreement received the approval of the bankruptcy court, and under the terms of which the trustee in bankruptcy conveyed to appellant Gould "all the right, title and interest of the bankrupt estate in and to the equipment, derrick, machinery, fixtures on the said real property, which is at present covered by a chattel mortgage or contracts, subject to all liens, mortgages, contracts and charges thereon". This contract, and all the rights of appellant Gould thereunder, was subsequently assigned by him to appellant Argo Oil Co. On March 7, 1934, the trustee in bankruptcy, with the approval of the bankruptcy court, conveyed to appellant Argo Oil Co. the real property upon which the oil well was situated, together with "the personal property, machinery and equipment located thereon".

Appellants assail the judgment on the ground that the record is without substantial evidence to support the findings of the trial court that respondent was the owner of the personal property in question, and that appellants were without any rights entitling them to the possession thereof. In support of this claim it is urged that title to the personal property here in question was vested in appellant Argo Oil Co. by reason of the transfer of the bankrupt estate's title therein through execution of the instruments mentioned above. This claim, however, is negatived, in our opinion, by the notice of disclaimer executed by the trustee in bankruptcy, through his attorney, and introduced in evidence at the trial as plaintiff's exhibit 6, under the plain terms of which the trustee in bankruptcy specifically disclaims, on behalf of the bankrupt estate, any right, title or interest in and to the identical personal property mentioned in the first amended complaint herein. There also appears in the record, as plaintiff's exhibit 3 at the trial, an order made by the referee in bankruptcy under date of March 8, 1934, declaring that inasmuch as the trustee in bankruptcy had no right, title or interest in or to the property in question here, that the sale thereof under date of March 6, 1934, did not include the personal property about which this litigation centers. This order was signed by the referee in bankruptcy March 8th, the day before the confirmation of sale to appellants was made. Surely, it cannot be contended that the trustee in bankruptcy intended to or did invest appel-

lants with title to property in which the former disclaimed any right, title or interest.

Appellants next contend that the court's finding was erroneous because the evidence shows that the chattel mortgage in issue here was fully paid and satisfied. It would serve no useful purpose to here set out the evidence in detail, because a careful perusal of the testimony convinces us that it merely presents mathematical computations from which the trial court would be justified in concluding, as it did, that a default had occurred under the terms of the chattel mortgage, which gave to respondent, under the provisions thereof, the right to recover the property. Conceding that conflicting inferences may be drawn by reasonable minds from the state of facts presented by the record herein, the trial court having adopted one and rejected the other, its decision is binding upon the appellate court, the case being in substance the same as where the trial court decides upon the weight of contradictory evidence. (*Boland* v. *Gosser,* 5 Cal. App. (2d) 700 [43 Pac. (2d) 559]; *McDermot* v. *Hayes,* 175 Cal. 95, 104 [170 Pac. 616]; *Haight* v. *Haight,* 151 Cal. 90 [90 Pac. 197]; *Paine* v. *San Bernardino etc. Co.,* 143 Cal. 654 [77 Pac. 659].) All intendments are in favor of the judgment arrived at upon conflicting testimony. Where the facts are such that contradictory inferences can reasonably be drawn from them, an appellate court will not substitute other inferences for those adopted by the trial judge. (*Hughes* v. *Quackenbush,* 1 Cal. App. (2d) 349, 354 [37 Pac. (2d) 99]; *Ketelhut* v. *Gunther,* 100 Cal. App. 409 [279 Pac. 1083]; *Coats* v. *Hathorn,* 121 Cal. App. 257 [8 Pac. (2d) 1038].) This is the rule even where the reviewing court might have reached a different conclusion. (*Conness* v. *McCarty,* 216 Cal. 415 [14 Pac. (2d) 507]; *Foxe* v. *Southern Pacific Co.,* 121 Cal. App. 633 [9 Pac. (2d) 514]; *McGlothin* v. *Larussa,* 122 Cal. App. 324 [10 Pac. (2d) 116].) Of course, testimony which is inherently improbable may be disregarded (*Neilson* v. *Houle,* 200 Cal. 726 [254 Pac. 891]), but to warrant such action there must exist either a physical impossibility of the evidence being true, or its falsity must be apparent, without any resort to inferences or deductions. (*Powell* v. *Powell,* 40 Cal. App. 155 [180 Pac. 346]; *Stahmer* v. *Stahmer,* 125 Cal. App. 132 [13 Pac. (2d) 833].)

■ Much of what we have just said is applicable to appellants' next claimed ground for reversal of the judgment, in which appellants earnestly urge that assuming the mortgage was not fully paid, and that there was some unpaid balance thereon remaining, nevertheless respondent lost its lien rights by refusing the tender of the amount believed by appellants to be due or the tender of any amount that might be shown to be due. The evidence on this point, consisting as it does of claims and disputed credits due, and payments made, merely raises a conflict which the trial court resolved in favor of respondent, and which, by reason of the substantiality of evidence to support the holding of the trial court thereon, is conclusive on appeal. As stated above, the trial court in weighing the evidence was also authorized to draw reasonable inferences therefrom.

■ The attempted appeal from the order by which the motion for a new trial was denied is dismissed, for the reason that the same is an ordinary motion for a new trial under section 657 of the Code of Civil Procedure, and the same being denied, is not appealable under section 963 of the Code of Civil Procedure, because this may be reviewed on the appeal from the judgment. (*Wilcox* v. *Hardisty*, 177 Cal. 752 [171 Pac. 947]; *Conlin* v. *Coyne*, *ante*, p. 569 [59 Pac. (2d) 884].)

We believe the foregoing disposes of the principal points urged by appellants, and the judgment should be, and it is, therefore, affirmed.

York, Acting P. J., and Doran, J., concurred.