[Civ. No. 11065. Second Appellate District, Division One.—August 27, 1936.]

SARAH ARUNDEL, Appellant, v. L. A. TURK, Respondent.

E. B. Drake for Appellant.

Parker & Stanbury and Raymond G. Stanbury for Respondent.

WHITE, J., *pro tem.*—This is an action brought to recover damages on account of personal injuries received by plaintiff in an automobile accident. At the time of the accident in question the plaintiff, Sarah Arundel, was driving her Dodge automobile in a southerly direction along Main Street in Ocean Park. At the same time and place, the defendant, L. A. Turk, was driving his Durant automobile in a northerly direction along the same street. The two automobiles collided, the left front portion of each being involved in the collision. Trial was had before a jury, and a verdict returned for defendant and against plaintiff. Judgment being entered thereon, plaintiff prosecutes this appeal therefrom.

Appellant's first assault upon the judgment is based on the claim that the evidence is insufficient to justify the verdict of the jury. There is in the record evidence that appellant was operating her automobile just prior to the accident on her right-hand side of the street at a rate

of speed estimated to be between 12 and 14 miles per hour; that suddenly respondent's automobile, going in the opposite direction, came from behind another automobile over onto its wrong side of the street and collided with appellant's automobile. Opposed to this is testimony to the effect that respondent was driving on his right side of the street and was never at any time over on the wrong side; that appellant, when about 25 feet away from respondent's automobile, made a left turn over onto her wrong side of the street, colliding with respondents' car. The testimony appears to be indisputable that when the cars came to rest respondent's Durant was several feet east of the center of the street and the whole of appellant's Dodge, with the exception of the right rear wheel, was also east of the center line of Main Street.

When a judgment is attacked as being unsupported by the evidence, the power of the appellate court in passing on this question begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the verdict rendered by the jury; and on appeal from a judgment for defendant in an action for damages for negligence, all conflicts in the evidence must be resolved in favor of the defendant, and all legitimate and reasonable inferences indulged in to uphold the judgment, if possible; and when two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the jury. (*Crawford* v. *Southern Pac. Co.*, 3 Cal. (2d) 427 [45 Pac. (2d) 183].)

With reference to the conflicting testimony in the instant case as to whether plaintiff or defendant was at fault in turning from the right to the wrong side of the street, the jury was within its rights in resolving that conflict in favor of respondent. This is true notwithstanding the fact that the witnesses who testified in favor of appellant and her contentions therein outnumbered numerically respondent's witnesses, because the jury is not bound to decide an issue in conformity with the declarations of any number of witnesses which do not produce conviction in their minds as against a lesser number or a presumption or other evidence satisfying their minds. In the instant case, the jury was also authorized to draw inferences from

the testimony and the physical facts presented to them by the evidence.

While it may be conceded there is a sharp conflict in the evidence concerning some of the circumstances immediately preceding the accident and down to the very time of the same, the verdict of the jury having impliedly resolved that conflict in favor of respondent, we are precluded from disturbing that conclusion. Upon the triers of fact rests the responsibility to reconcile, if possible, any apparent conflict, whether the same arises from the entire case or in the testimony of a single witness, and to effectuate all the evidence, when the nature of the case will admit of such a disposition; or, if the conflict is irreconcilable, to place their own value on the contradictory evidence. (*Darling* v. *Pacific Elec. Ry. Co.*, 197 Cal. 702, 708 [242 Pac. 703].) Conceding that conflicting inferences may be shown by reasonable minds from the state of facts in this case, the jury having adopted the one and rejected the other, its decision is binding upon the appellate court, the case being in substance the same as where the jury decides upon the weight of contradictory evidence. (*Boland* v. *Gosser*, 5 Cal. App. (2d) 700 [43 Pac. (2d) 559]; *McDermot* v. *Hayes*, 175 Cal. 95, 104 [170 Pac. 616]; *Haight* v. *Haight*, 151 Cal. 90 [90 Pac. 197]; *Paine* v. *San Bernardino etc. Co.*, 143 Cal. 654 [77 Pac. 659].) All intendments are in favor of the judgment arrived at upon conflicting testimony. Where the facts are such that contradictory inferences can reasonably be drawn from them, an appellate court will not substitute other inferences for those adopted by the trial jury. (*Hughes* v. *Quackenbush*, 1 Cal. App. (2d) 349, 354 [37 Pac. (2d) 99]; *Ketelhut* v. *Gunther*, 100 Cal. App. 409 [279 Pac. 1083]; *Coats* v. *Hathorn*, 121 Cal. App. 257 [8 Pac. (2d) 1038].) This is the rule even where the reviewing court might have reached a different conclusion. (*Conness* v. *McCarty*, 216 Cal. 415 [14 Pac. (2d) 507]; *Foxe* v. *Southern Pac. Co.*, 121 Cal. App. 633 [9 Pac. (2d) 514]; *McGlothin* v. *Larussa*, 122 Cal. App. 324 [10 Pac. (2d) 116].) Of course, testimony which is inherently improbable may be disregarded (*Neilson* v. *Houle*, 200 Cal. 726 [254 Pac. 891]), but to warrant such action there must exist either a physical impossibility of the evidence being true, or its falsity must be apparent,

without any resort to inferences or deductions. (*Powell* v. *Powell*, 40 Cal. App. 155 [180 Pac. 346]; *Stahmer* v. *Stahmer*, 125 Cal. App. 132 [13 Pac. (2d) 833].)

■ Appellant's second and last ground urged for reversal is based upon the refusal of the trial court to instruct the jury as follows:

"You are instructed that any person driving a vehicle on a public highway of this state, shall drive same at a careful and prudent speed, not greater than is reasonable and proper, having due regard to traffic, surface and width of the highway; and no person shall drive any vehicle on a public highway, at such speed so as to (not) endanger life, limb or property of any person. Therefore, if you find from the evidence, that the speed at which the defendant L. A. Turk was operating his car was the direct and proximate cause of this accident, your verdict shall be against the defendant L. A. Turk and in favor of the plaintiff, Sarah Arundel."

It is apparent, as claimed by appellant, that the word "not" before the word "endanger" in this instruction is a typographical mistake, and the court could not have been misled by such word. In considering this instruction, we will assume the word "not" to be omitted, and that the instruction is drawn in conformity with the provisions of section 113-a of the California Vehicle Act (1931), which was in effect at the time of the accident here in question.

It is earnestly urged that in view of the crowded condition of the traffic and the width of the street, coupled with the fact that the accident occurred in the night-time, it was incumbent upon the court to instruct the jury as requested. We find no merit in this claim of appellant. An instruction should be given only when it is applicable to the issues raised by the pleadings or is pertinent to some issue or theory developed by the evidence; and even though a requested instruction is pertinent to an issue presented by the pleadings, it is properly refused if such issue is wholly unsupported by the evidence. (24 Cal. Jur. 804, and cases cited.) Indeed, the refusal of requested instructions in such cases is not only proper, but their allowance constitutes error which, if prejudicial, warrants a reversal. In this case, the only pertinent issue was: Upon which side of the street did the accident happen? The

rejected instruction could serve only to confuse the jury and to divert their minds from a consideration of the actual cause of the accident, which the record clearly discloses was caused by one or the other of the parties turning from the proper to the wrong side of the street. As we view the evidence, no construction thereof will admit of a conclusion that the speed of either automobile proximately or even remotely caused the accident. The proffered instruction was therefore properly refused.

For the foregoing reasons the judgment is affirmed.

York, Acting P. J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 26, 1936.