[Civ. No. S. C. 44. Second Appellate District, Division One.—February 26, 1937.]

FANNIE HALES, Respondent, v. EARL F. SNOWDEN et al., Defendants; CURTIS C. COLYEAR et al., Appellants.

Henry O. Wackerbarth for Appellants.

Doyle, Clark & Thomas, Austin & Austin, Clyde Doyle, H. O. Wallace and Irving P. Austin for Respondent.

WHITE, J., *pro tem.*—This is an action for the foreclosure of three purchase-money mortgages, executed in April, 1927,

by defendants Snowden and by defendants and appellants Colyear, in the total amount of $21,000, upon which $1,000 had been paid at the time of trial. The complaint tendered three causes of action. Judgment went for plaintiff in the amount claimed to be due; and also ordered a sale of the mortgaged premises and directed execution to issue against the defendants for any deficiency.

Three grounds are urged by appellants for reversal of the judgment herein: (1) that the court erred in ordering a deficiency judgment, for the reason that the mortgages in question were purchase-price mortgages, by reason of which it is claimed that under the provisions of section 580b of the Code of Civil Procedure, respondent was not entitled to such deficiency judgment; (2) that error was committed when the trial court denied appellants' application under the provisions of section 726 of the Code of Civil Procedure that one of the inheritance tax appraisers be appointed to appraise the property being foreclosed; and (3) that the evidence clearly indicates that subsequent to the execution and delivery of the notes and mortgages, the parties thereto entered into an agreement for a segregation or division of the liability evidenced by said notes, under the terms of which it was agreed that appellants would be liable for and pay only one-half of the principal and interest, the defendants Snowden being answerable for the remaining half.

As to appellants' first ground, section 580b of the Code of Civil Procedure, in effect during August, 1933, provided as follows: ''No deficiency judgment shall lie in any event after any sale under a deed of trust, or mortgage, given to secure payment of the balance of the purchase price of real property.''

It is earnestly urged that inasmuch as the mortgages themselves do not confer any right to a deficiency judgment, respondent's sole claim thereto is dependent upon statutory enactments, and that such rights may be withdrawn and taken away by other statutory enactments. Conceding the correctness of this principle as an abstract proposition of law, nevertheless, can such restrictive legislation be applied retroactively to contracts executed prior to its adoption? If section 580b is retroactive in its application, then the mortgagee under a purchase-money mortgage is limited in his recovery to such an amount as a foreclosure sale of the mortgaged prop-

erty will obtain. It is contended by respondent that if the law so applies, it impairs the obligation of a contract within the meaning of the federal and state Constitutions prohibiting such legislation. (Art. I, sec. 10, Const. U. S.; art. I, sec. 16, Const. Calif.) We find ourselves in accord with this claim of respondent. As was said by the Supreme Court of the United States, speaking through Chief Justice Hughes, in the case of *Home Bldg. & Loan Assn.* v. *Blaisdell*, 290 U. S. 398 [54 Sup. Ct. 231, 78 L. Ed. 413, 88 A. L. R. 1481]: '' . . . the laws which subsist at the time and place of the making of a contract, and where it is to be performed, enter into and form a part of it, as if they were expressly referred to or incorporated in its terms. This principle embraces alike those which affect its validity, construction, discharge and enforcement.'' It is settled that all the laws of a state existing at the time a contract is made which affect the rights of the parties to the contract enter into and become a part of it, and are as obligatory upon all courts which assume to give a remedy on such contracts as if they were referred to or incorporated in the terms of the contract. (*Von Hoffman* v. *City of Quincy*, 4 Wall. 535, 550 [18 L. Ed. 403]; *Brine* v. *Hartford Fire Ins. Co.*, 96 U. S. 627 [24 L. Ed. 858].) As was further pointed out in the Blaisdell case, *supra*, ''the obligations of a contract are impaired by a law which renders them invalid, or releases or extinguishes them (*Sturges* v. *Crowninshield*, 4 Wheat. 122, 197, 198 [4 L. Ed. 529, 549]), and impairment, as above noted, has been predicated of laws which without destroying contracts derogate from substantial contractual rights. . . . The obligation of a contract is the law which binds the parties to perform their agreement.''

Under the law existing at the time the notes and mortgages here sued upon were made, upon default the mortgagee might sue the maker of the note and, among other things, obtain judgment for any deficiency remaining after crediting the proceeds of the sale of the property upon the indebtedness. If the notes and mortgages come within the provisions of the new law, the right to a deficiency judgment has been entirely taken away from the creditor. These are substantial rights which are entirely abrogated, and the fact that this is accomplished by legislation which has to do with the remedy rather than the substance of the contract, is not controlling. (*Brown* v. *Ferdon*, 5 Cal. (2d) 226, 231 [54 Pac. (2d) 712].)

The remedy, where it affects substantial rights, is included in the term ''obligation of a contract'', and the remedy cannot be altered so as to materially impair such obligations. (*Edwards* v. *Kearzey,* 96 U. S. 595, 600 [24 L. Ed. 793].) In the case of *Barnitz* v. *Beverly,* 163 U. S. 118 [16 Sup. Ct. 1042, 41 L. Ed. 93], it is held that a statute which authorized the redemption of property sold upon foreclosure of a mortgage, where no right of redemption previously existed or which *extends the period of redemption beyond the time formerly allowed,* cannot constitutionally apply to a sale under a mortgage executed before its passage. The court, after citing many cases, said: ''But it seems impossible to resist the conviction that such a change in the law is not merely the substitution of one remedy for another, but it is a substantial impairment of the rights of the mortgagee as expressed in the contract.'' See, also, *Welsh* v. *Cross,* 146 Cal. 621, 624, 628 [81 Pac. 229, 106 Am. St. Rep. 63, 2 Ann. Cas. 796].

 The act under consideration here fixes no conditions whatever for its operation. It purports to give relief to every debtor under a purchase-money mortgage, irrespective of the amount of the indebtedness, the condition of the security, or his ability to pay the full amount of his indebtedness. It affords no forum for the creditor to present the situation from his standpoint. It simply gives the debtor a preference, without any consideration of the rights of the creditor, and it cannot, therefore, be sustained under our Constitutions. (*Shouse* v. *Quinley,* 3 Cal. (2d) 357 [45 Pac. (2d) 701]. See, also, *Islais Co.* v. *Matheson,* 3 Cal. (2d) 657 [45 Pac. (2d) 326].) The code section before us is general in its application and is not confined to purchase-money obligations involving homes or property occupied by the debtor. Whatever the elements of social justice and social security may warrant the legislature in doing by way of extending relief during economic stress, that relief must be reasonable and just from the standpoint of both mortgagor and mortgagee, and in any event should be limited to the exigency to which the legislation was addressed. (*Home Bldg. & Loan Assn.* v. *Blaisdell, supra.* See, also, *W. B. Worthen Co.* v. *Kavanaugh,* 295 U. S. 56 [55 Sup. Ct. 555, 79 L. Ed. 1298, 97 A. L. R. 905].) None of these considerations appear in the legislation under attack here. It applies to

all ordinary commercial transactions in which the debtor has executed a trust deed or mortgage as part of the purchase consideration of any real property, whether purchased for business or speculative purposes. The substantive right of the mortgagee, under the mortgage now before us, to be repaid the entire amount of the indebtedness had accrued some six years before section 580b became ·effective, and the preference for the mortgagor which it contemplates could not be construed as having entered into the dealings between the parties when the contract was made. The operation of the statute in the circumstances is far more than procedural. The statute attempts to so affect the contract that only a portion of the indebtedness may be recovered, notwithstanding the borrower of the money may well be able to pay in full. This certainly impairs the obligation of contracts. (*Bennett* v. *Superior Court,* 5 Cal. App. (2d) 13 [42 Pac. (2d) 80].)

Much of what we have said in connection with appellants' first ground of appeal applies to the second specification of error, which has to do with the application made to the trial court, prior to the date of trial, for the appointment of one of the inheritance tax appraisers to appraise the property involved in accordance with the terms of section 726 of the Code of Civil Procedure, as amended in the year 1933, and which application was denied. Upon the authority of *Wilson* v. *Superior Court,* 8 Cal. App. (2d) 14, 16 [47 Pac. (2d) 331], and *Bennett* v. *Superior Court, supra,* it is the opinion of this court that the position taken by the trial court was correct, and the provisions of section 726 of the Code of Civil Procedure cannot be enforced against the respondent in this action. This is also supported by the reasoning set forth by the Supreme Court in its decision in the case of *Morris* v. *Pacific Elec. Ry. Co.,* 2 Cal. (2d) 764 [43 Pac. (2d) 276], wherein the effect of remedial legislation, in so far as the same principle here raised is concerned, is discussed and the limitations circumscribing the effect of so-called remedial legislation are fully set forth.

With reference to appellants' final claim, that there was an agreement between respondent, appellants, and defendants Snowden which constituted an oral modification of the written agreement to pay interest, and that as to so much of such agreement as was executed, the same was valid and constituted a modification of the written notes to the extent of re-

leasing appellants from the payment of more than one-half of the interest, we are impressed with the fact that a consideration of the evidence in connection therewith, most of which was documentary, taken in conjunction with all the other facts and circumstances in evidence in the case, justified the trial court in concluding that no sufficient showing was made to establish the fact that W. T. Hales was authorized by respondent to make an agreement segregating the liability of the joint mortgagors, and that the conduct of respondent herself was not such as to justify the conclusion that she assented to such agreement in modification of the terms of the written notes. We must resolve all intendments in favor of the judgment, and, if there be any substantial evidence tending to sustain the same, it must be upheld, unless the record demonstrates that in the very nature of things the evidence is so improbable as to be untrue. (*Badover* v. *Guaranty Trust etc. Bank,* 186 Cal. 775 [200 Pac. 638].) ▮ It will serve no useful purpose to here set forth the evidence. Conceding that conflicting inferences may be drawn by reasonable minds from the state of facts in this case, the trial court having adopted the one and rejected the other, its decision is binding on the appellate court, the case being in substance the same as where the court decides upon the weight of contradictory evidence. (*Boland* v. *Gosser,* 5 Cal. App. (2d) 700 [43 Pac. (2d) 559]; *McDermot* v. *Hayes,* 175 Cal. 95, 104 [170 Pac. 616]; *Haight* v. *Haight,* 151 Cal. 90 [90 Pac. 197]; *Paine* v. *San Bernardino etc. Co.,* 143 Cal. 654 [77 Pac. 659].) Where the facts are such that contradictory inferences can reasonably be drawn from them, an appellate court will not substitute other inferences for those adopted by the trial court. (*Hughes* v. *Quackenbush,* 1 Cal. App. (2d) 349, 354 [37 Pac. (2d) 99]; *Ketelhut* v. *Gunther,* 100 Cal. 409 [279 Pac. 1083]; *Coats* v. *Hathorn,* 121 Cal. App. 257 [8 Pac. (2d) 1038].) This is the rule even where the reviewing court might have reached a different conclusion. (*Conness* v. *McCarty,* 216 Cal. 415 [14 Pac. (2d) 507]; *Foxe* v. *Southern Pac. Co.,* 121 Cal. App. 633 [9 Pac. (2d) 514]; *McGlothin* v. *Larussa,* 122 Cal. App. 324 [10 Pac. (2d) 116].) Of course, testimony which is inherently improbable may be disregarded (*Neilson* v. *Houle,* 200 Cal. 726 [254 Pac. 891]), but to warrant such action there must exist either a physical impossibility of the evidence being true, or its falsity must be apparent, without

any resort to inferences or deductions. (*Powell* v. *Powell,* 40 Cal. App. 155 [180 Pac. 346]; *Stahmer* v. *Stahmer,* 125 Cal. App. 132 [13 Pac. (2d) 833].)

For the foregoing reasons, the judgment appealed from is affirmed.

York, Acting P. J., and Doran, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 26, 1937.