Argued January 8; affirmed January 28, 1941

## ERDMAN *v.* INMAN
(109 P. (2d) 593)

Before KELLY, Chief Justice, and RAND, BELT, BAILEY and LUSK, Associate Justices.

*W. H. Morrison*, of Portland (Charles T. Sievers, of Oregon City, and Maguire, Shields & Morrison, of Portland, on the brief), for appellant.

*E. U. Sims*, of Portland, and *Glenn R. Jack*, of Oregon City (Sims & Sims, of Portland, and Glen R. Jack, of Oregon City, on the brief), for respondent.

BELT, J. This is an action to recover damages for personal injuries resulting from a head-on collision between two automobiles. From a judgment in favor of plaintiff in the sum of $1,400, the defendant appeals.

The collision occurred on May 11, 1939, at about 1 o'clock in the morning, on the Molalla highway two miles south of Oregon City. Plaintiff was driving in a northerly direction on a straight-away, at a speed of about 35 miles an hour. Defendant, who was going in the opposite direction, asserts that, at the time and place in question, he was driving 45 miles an hour.

Each party claims that the other was driving on the wrong side of the highway at an excessive rate of speed, without having his car under control. The vital issue was whether the plaintiff or the defendant was on the wrong side of the road, although evidence of speed was received without objection by either party.

The sole assignment of error is predicated upon an instruction concerning speed, given by the court on its own motion. After stating the issues of the case as alleged in the pleadings and having given the usual instructions applicable to speed, the court instructed the jury as follows:

"If you should find, for instance, that he (defendant) was going too fast at that time, was that speed the proximate cause of the collision in and of itself. Of course, if it was not, why plaintiff could not recover on that ground, you see."

Counsel for defendant thus excepted to the above instruction:

"The defendant excepts to the instruction of the Court relating to speed in so far as the defendant is concerned, on the ground and for the reason that if the defendants were operating their car on the right side of the road, speed at most would be a contributing cause to the accident, and the last clear chance is not relied on in the pleadings."

Obviously, if defendant had been driving on his right side of the highway, there could have been no

collision unless plaintiff drove over onto his wrong side. Under such circumstances, the speed at which the defendant was traveling was immaterial and could not possibly have been the proximate cause of the accident.

Defendant contends that the instruction permitted the jury to find against him on the issue of speed, even though he was driving on his right side of the highway. We think the instruction was not so intended by the court nor so considered by the jury. In view of the specific charge that defendant was driving on the wrong side of the road, it is reasonable to assume that the jury—presumed to be composed of intelligent persons—was not misled by such instruction.

If defendant was driving on the wrong side of the road, the speed at which he was traveling would be important in determining the proximate cause of the accident.

*Ambrose v. Young*, 100 W. Va. 452, 130 S. E. 810, is clearly in point as it is based upon a similar factual situation. A head-on collision between two automobiles traveling in opposite directions was involved. It was contended there, as here, that an instruction concerning speed of the defendant was erroneous because "the speed at which the car was being driven could not have been the proximate cause of the collision, if it had been driven on the proper side of the road." The court, in refusing to reverse the judgment on account of such instruction, said:

"The driver of the Ford had the right to assume, even at that, that the Hudson (defendant's) car was running at a lawful rate of speed, and he might have avoided the collision, and made the passing in safety, had it been so running."

No case has been cited nor have we been able to find anywhere a judgment has been reversed because of the

giving of an abstract instruction involving speed in a head-on collision. *Arundel v. Turk*, 16 Cal. App. (2d) 293, 60 P. (2d) 486, relied upon by appellant, involved the refusal of a requested instruction covering speed in a head-on collision. The court properly held that no error was committed in refusing such request, as such instruction would not have aided the jury in determining the real issue of the case.

The instruction in the instant case might well have been omitted but we fail to see where it misled or confused the jury. Had counsel been as specific in the lower court as here, no doubt the trial judge would have removed all doubt concerning the instruction.

Finding no error substantially affecting the rights of the appellant, it follows that the judgment is affirmed.