[Civ. No. 16299.   Second Dist., Div. One.   Sept. 2, 1948.]

RALPH S. BIRD, JR., Appellant, v. RALPH S. BIRD, SR. et al., Respondents.

B. Warren Vinetz for Appellant.

Daily & Gallaudet and Henry F. Walker for Respondents.

WHITE, J.—This is an appeal from a judgment for defendant after trial before the court without a jury. Plaintiff claimed a one-twentieth interest as a copartner with defendant, his father, in a clothing business, and sought an accounting, the imposition of a trust upon assets conveyed by the father to defendant corporation, declaratory relief and a money judgment. Defendant father and defendant corporation by their answer put in issue all the allegations of the complaint.

The trial court found all the allegations of plaintiff's complaint to be untrue except as hereinafter set forth. The court further found:

"2. That at the commencement of the trial of this cause, all parties stipulated that the issues formed by the pleadings might be disregarded; that the plaintiff abandoned all claims except as to the issues following: (1) was the plaintiff an owner of a one-twentieth interest in the partnership of Ralph Bird and Sons, and (2) was the sum of $4480.00 previously deposited with defendant, Ralph S. Bird, Sr., by plaintiff, repaid by said defendant to plaintiff.

"3. The plaintiff and the defendant, Ralph S. Bird, Sr., entered into a written agreement of partnership on or about the 26th day of August, 1940; that said agreement was modified in writing on or about the 1st day of October, 1940; that under and by virtue of said modified agreement, plaintiff agreed to purchase a one-twentieth interest in said partnership for the sum of $1,000.00, and said obligation so to pay was evidenced by a written promissory note dated the 5th day of October, 1940, signed by plaintiff as maker thereof in the sum of $1,000 and payable to Ralph S. Bird, Sr.; that thereafter and prior to March of 1942, plaintiff paid the sum of $138.00 upon the principal of said note, and plaintiff was credited with an additional payment of $156.00 on the principal of said note.

"4. That prior to January 2, 1942, or thereabouts, defendant, Ralph S. Bird, Sr., paid over and returned to plaintiff the sum of $138.00 theretofore paid on said note; that on January 2, 1942, or thereabouts plaintiff made and executed a written

document whereby and by the terms of which the partnership theretofore existing between said parties was terminated and ended, and whereby and by the further terms of which plaintiff assigned his interest in the partnership to defendant, Ralph S. Bird, Sr.,; . . .

"5. That the partnership theretofore existing between plaintiff and defendant, Ralph S. Bird, Sr., was, by mutual consent of said partners, terminated and dissolved on or about January 2, 1942."

With reference to the second issue presented by stipulation at the trial, whether defendant father had repaid the sum of $4,480 deposited with him by the son, the court found "that early in the month of October, 1945, plaintiff demanded of defendant, Ralph S. Bird, Sr., that said defendant repay to plaintiff said sum of money, although at such time plaintiff insisted that said sum of money amounted to $4,580.00; that thereupon and on October 16, 1945, defendant, Ralph S. Bird, Sr., paid over and delivered to plaintiff in cash the sum of $4,580.00."

As conclusions of law the court found that the partnership was dissolved about January, 1942; that plaintiff had no interest therein; that defendant father had paid all sums due plaintiff; and that judgment should be entered for defendants.

Appellant urges, first, that the court erred in failing to find that a copartnership existed between plaintiff and defendant father; that the finding that plaintiff was not after January 2, 1942, a partner or owner of any interest in the partnership is against the law and the evidence; and that the court erred in failing to find that all the earnings of the partnership, as well as the drawings of defendant father up to January 2, 1942, belonged to the partnership of plaintiff and defendant. Secondly, it is contended that the court erred in finding that plaintiff had been repaid the sum of $4,480 claimed by him. Appellant's contentions can be sustained only if, viewing the evidence in the light most favorable to respondents, and indulging in all legitimate and reasonable inferences therefrom to uphold the findings of the trier of fact, the result is a conclusion that there is no substantial evidence to support the finding or findings complained of. (*Crawford* v. *Southern Pacific Co.*, 3 Cal.2d 427, 429 [45 P.2d 183].)

█ With respect to the termination of the partnership in January of 1942, plaintiff testified that the sole purpose of the agreement to resell his interest was that if he were killed while

overseas with the armed forces the defendant would have difficulty in selling the business; that defendant father agreed that he would not use the instrument unless plaintiff failed to return, and further agreed to permit plaintiff to purchase a greater interest in the business at a later date. The promissory note which he had executed was not returned to him but was retained by his father.

During his stay overseas plaintiff forwarded a total of $4,480 to his father. The father continued to operate the business under the name of Ralph Bird & Sons at the same location. Plaintiff further testified that upon his return from overseas his father refused to acknowledge his interest in the partnership and refused to permit him to join in the formation of another partnership; that being convinced further demand was useless, he demanded return of the sum of $4,480 which he had sent his father, which demand was refused. It further appeared that while defendant was in service there appeared in a Glendale newspaper a notice that plaintiff and defendant were partners, a copy of the newspaper notice being mailed to plaintiff by defendant. In 1944, defendant father executed a will declaring: "I hereby state and declare that my son Ralph Seaman Bird, Junior and I acquired a men's clothing business in the City of Glendale under the firm name of Ralph Bird & Sons; that thereafter my said son and I operated the said business until my said son entered the armed forces of the United States; that since my said son has been in the armed forces of the United States he has sent and is now sending me various sums of money to pay for an increased interest in said partnership."

Defendant father testified: "The purpose of selling the business was that he was going overseas, and business wasn't in any too good condition, and that we both figured that if anything caused me to sell or liquidate the business, it would be much easier, I thought, if it was in my ownership, and that at the time he would return, we would do everything possible to make a satisfactory arrangement for a *new business* at that time.

"THE COURT: When he went overseas, the partnership was off, for the time being?

"A. Yes, sir. . . .

"A. The partnership was eliminated when we signed this agreement when he was in the service. . . . it was made so that I could have the ownership of the business, so that should the business need to be liquidated, or sold, or any other thing

happen to him while he was in the service, it would be in my hands to handle the liquidation of the entire business, or the transaction of selling or liquidating the business. . . . I was to carry on the business, and there would be the best possible efforts to form a new business when he returned from the service.

"THE COURT: It was your understanding, however, that after he signed that document, and received that, he had no further interest in the business? A. Yes, sir."

It further appeared that defendant offered plaintiff after his return an opportunity to join in the formation of a corporation for operation of the business, but the son declined.

It thus appears that from the conflicting testimony the court might reasonably infer that the partnership was dissolved, with an understanding that a new arrangement might be entered into when the son returned from overseas. It is to be noted, in this connection, that the issues presented at the trial by stipulation did not include any claim for injury resulting from the failure to enter into a new partnership agreement, the son's sole claim being for his original one-twentieth interest plus the return of the $4,580 or $4,480 sent to his father during the son's overseas service. It was admitted that the son parted with no consideration for his alleged interest. He received back the sum of $138 which had been credited on the note which he executed, and in addition, with reference to the sum of $156 credited on the note as a present from his father, the father tendered to him this sum in open court, which tender the son accepted.

With reference to the contention that a trust was established, the trial court here determined, upon conflicting evidence, that plaintiff had not sustained the burden resting upon him. Under familiar rules, we are not at liberty to disturb such finding, based as it is upon substantial although contradicted evidence, and upon inferences reasonably to be drawn therefrom (*Crawford* v. *Southern Pacific Co., supra; Arundel* v. *Turk,* 16 Cal.App.2d 293, 295 [60 P.2d 486] ; *Balasco* v. *Chick,* 84 Cal.App.2d 802 [192 P.2d 76].) The evidence and inferences to be drawn therefrom must be considered and resolved on appeal in favor of the determination made by the court below. If there be any doubt as to its sufficiency, that doubt must be resolved in favor of and not against the judgment. (*Fackrell* v. *City of San Diego,* 26 Cal.2d 196, 207 [157 P.2d 625, 158 A.L.R. 625].)

Appellant's contention that the court erred in finding against him on his claim that the sum of $4,580 deposited with his father had not been repaid likewise must fail. The father testified that upon his return home the son insisted upon repayment in cash; that the father thereupon cashed a check in that amount and delivered the proceeds to the son. The cancelled check was put in evidence. A witness corroborated the father as to the physical delivery of the money to the son. Shortly after the date of the alleged repayment the son made large deposits in a safe deposit box and thereafter, in January, 1946, in his bank accounts. The son testified that these sums represented reimbursement for traveling expenses and purchases of merchandise made by him for his father while crossing the United States returning home from Europe and the sum of over $5,000 which he had on his person upon his return to this country. This conflict was for the trier of fact to resolve.

The judgment is affirmed.

York, P. J., and Doran, J., concurred.