[Civ. No. 633.   Fourth Appellate District.—December 9, 1932.]

MILFORD W. DAHL (an Infant), etc., Respondent, v. CHARLES SPOTTS et al., Appellants.

Eugene P. Fay for Appellants.

Chas. D. Swanner for Respondent.

MARKS, J.—This is an action for damages brought by Milford W. Dahl, a minor, through his guardian *ad litem*, against Charles Spotts and Pernel Barnett for injuries received while he was riding as a guest of Spotts in a Ford delivery truck. Barnett was the owner of the truck. The jury returned a verdict for $2,500 in favor of the minor, from which this appeal is taken, as well as from an order denying motion for judgment notwithstanding the verdict.

Spotts was the distributing agent for the "Liberty Magazine" in certain parts of Orange County. On July 9, 1930, he took respondent and several other boys from Santa Ana to neighboring towns where they sold magazines. At the close of their work he took them back to Santa Ana. He and respondent then drove to Orange, going to the home of Pernel Barnett where they obtained the Ford delivery truck, permission having been given by Barnett to Spotts for its use. The two again went to Santa Ana and Spotts drove to a freight storage office taking respondent with him. Here he loaded eight cartons of breakfast food on to the truck. These cartons were eighteen inches in each dimension and the sides of the truck body were between twelve and eighteen inches in height. Four of the cartons were placed on the truck bed and the other four on top of them so that the upper tier extended entirely above the sideboards of the truck body. Spotts asked respondent to sit in the back of the truck, watch the boxes and tell him if any of them slipped from position. He then drove from the freight office on to Fourth Street. While driving along this street two of the upper cartons commenced to slide from their position. Respondent informed appellant of this and he stopped the truck and adjusted the cartons, telling respondent to either stand on the floor of the rear end of the truck body holding on to the cartons, or to sit on the upper cartons in the rear tier. When the car reached

French Street, Spotts made a right-hand turn and respondent and the two front cartons of the upper tier were thrown to the pavement, respondent receiving a fractured skull and bruises and contusions of his body. Respondent was eleven years of age at the time of the accident.

Appellants urge the following grounds for a reversal of the judgment: (1) ''The evidence is insufficient to justify the verdict that the appellant, Charles Spotts, was guilty of gross negligence. (2) The evidence is insufficient to justify the verdict that the negligence of the appellant, Charles Spotts, proximately caused the happening of the accident. (3) The evidence is insufficient to justify the verdict that the appellant, Pernel Barnett, was the owner of the automobile.''

In support of appellants' first specification of error the testimony of Spotts is cited that he made the right-hand turn from Fourth Street on to French Street at a speed of not more than ten miles per hour and that respondent could not explain how he fell nor what caused him to fall from the truck nor did he remember its speed nor the circumstances of the change of direction of the truck at the intersection. Appellants urge that this evidence fails to support the implied finding of the jury that Spotts was guilty of gross negligence. Were this the only evidence before the jury we would have to agree with this contention. However, we have concluded that the physical facts of the accident furnish sufficient evidence to support the conclusion that Spotts was guilty of gross negligence in making the turn as he did. The fact that the two cartons, weighing between twenty-five and thirty pounds each, together with an eleven year old boy, were precipitated from the truck on to the pavement during the turn is sufficient to contradict the testimony of Spotts that at that time he was driving at not more than ten miles per hour. These circumstances would support the conclusion that he made the turn at such a great speed or in such a manner as to constitute gross negligence on his part.

The question of whether or not the negligence of the driver of an automobile is gross, is held to be a question of fact to be determined by the jury. (*Malone* v. *Clemow*, 111 Cal. App. 13 [295 Pac. 70]; *Taylor* v. *Cockrell*, 116 Cal. App. 596 [3 Pac. (2d) 16].) In announcing the rule

that the physical facts surrounding an accident may be relied on to support a judgment and contradict the direct testimony of a defendant, it is said in the 1928 Supplement to California Jurisprudence, title "Automobiles", at page 120: "Very commonly, the parties advance conflicting theories as to how the collision occurred, and as to what brought it about. Where such a controversy is presented, the truth may sometimes be discovered by reference to the physical facts. Notably, the inferences to be drawn from known facts may satisfactorily resolve questions as to speed, the place where the collision occurred, and the position of the defendant's car with relation to other vehicles. In a recently decided case it appeared that the plaintiff was struck by the defendant's automobile after she had passed in front of a public bus from which she had alighted. The defendant testified that he was attempting to pass the bus at a distance of four or five feet, that he was not traveling more than twelve or fifteen miles an hour, and that the plaintiff ran into his car. The court said: 'If the defendant's testimony were true it is apparent that the accident as detailed by all the witnesses could not have happened as it did. The plaintiff was thrown directly in front of the standing bus, her head toward the curb and her feet toward the path of defendant's machine. If the defendant had been traveling at twelve or fifteen miles an hour on a path five feet west of the standing bus he could not have thrown the plaintiff to the place where she was picked up. And, again, if he had been traveling in that manner he would have had ample opportunity to have avoided the collision.' "

■ Whether or not the negligence of a defendant proximately caused an injury has always been considered a question of fact to be decided by the jury. (*Malone* v. *Clemow*, *supra*.) The jury having determined from the evidence that Spotts was guilty of gross negligence in driving the Ford truck, and that his negligence proximately caused the injury to respondent, we cannot disturb the conclusions thus reached.

■ The liability of Barnett arises under the provisions of section 1714¼ of the Civil Code. He maintains that there was no sufficient evidence from which the conclusion could be drawn that he was the owner of the Ford truck

driven by Spotts at the time of the accident. In this we cannot agree with him. Spotts testified that he asked Barnett for permission to use the Ford, which was given him, and that he obtained the truck at Barnett's residence. Barnett testified as follows: "A. Yes, sir. He asked me if he could use one of my Fords. Q. What did you tell him, Mr. Barnett? A. I told him he could. Q. Do you know the date this plaintiff was injured? A. No, sir. I don't know anything about it. Q. You were the owner of the Ford delivery vehicle, were you, on that date, Mr. Barnett? . . . A. But I owned three Fords at that date." This evidence was sufficient to support the judgment against Barnett under the rule announced in *Tieman* v. *Red Top Cab Co.*, 117 Cal. App. 40 [3 Pac. (2d) 381, 383], as follows: "Appellants' failure to offer any evidence on these issues, although obviously the best advised, requires that the above evidence 'be estimated not only by its own intrinsic weight, but also according to the evidence which it is in the power of one side to produce and of the other to contradict'. (Code Civ. Proc., sec. 2061, subd. 6.) " 'It is a well-settled rule that when the evidence tends to prove a material fact which imposes a liability on a party, and he has it in his power to produce evidence which from its very nature must overthrow the case made against him if it is not founded on fact, and he refuses to produce such evidence, the presumption arises that the evidence, if produced, would operate to his prejudice, and support the case of his adversary.' " (*Bone* v. *Hayes*, 154 Cal. 759, 765 [99 Pac. 172, 175]; *Alloggi* v. *Southern Pac. Co.*, 37 Cal. App. 72 [172 Pac. 1117]; *Perry* v. *Paladini, Inc.*, 89 Cal. App. 275 [264 Pac. 580].)"

█ Appellants have attempted to appeal from an order denying their motion for nonsuit. Such an order is not appealable (sec. 963, Code Civ. Proc.) and the attempted appeal therefrom is dismissed.

Judgment and order appealed from are affirmed.

Barnard, P. J., and Jennings, J., concurred.