[Crim. No. 2717. Second Appellate District, Division Two.—May 23, 1935.]

THE PEOPLE, Respondent, v. ROBERT EPPERSON, Appellant.

Sam Schekman for Appellant.

U. S. Webb, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

CRAIL, J.—This is an appeal by the defendant after a conviction upon two counts of an information charging the crime of rape alleged to have been committed upon a female under the age of eighteen years and a violation of section 288 of the Penal Code. The sole contention of the defendant is that there was an insufficiency of evidence to sustain the judgment.

Twelve year old Mary Louise Walker lived with her father and mother in Venice, California. The defendant lived in a house across the street. On the day alleged in the information Mary was standing on a street corner in Venice when the defendant drove up in his automobile. He stopped his car and asked Mary where she was going and told her that he would take her home. She got in the car, but the defendant, instead of taking her home, drove to some oil fields in the nearby country, saying that he was going to take her for a ride. On the way he pinched her breasts. This was the act charged as a violation of said section 288. Some place in the oil fields he stopped the car and then told her to get in the back seat, which she did. He also climbed into the back seat. It would serve no useful purpose to relate the details of the rape. After completing the act, the defendant told Mary to get into the front seat and that he would give her some money to buy ice cream and not to tell her mother what happened.

The mother of the girl testified that when the defendant brought her daughter home that day he blew his horn and said, "Here is your daughter." The girl was nervous and appeared to have been crying. Little Mary told her mother what had happened. The girl's undergarments were soiled and torn. A doctor who made an examination of the girl on the second day thereafter found the hymen ruptured, with a small bleeding area to the right of the hymen.

The defendant contends that the testimony of the prosecutrix is so inherently improbable as to render her evidence of no value. But the testimony of the girl is not im-

probable; on the contrary, she gave a reasonably clear and probable account of what had taken place.

The defendant's final contention is that there is no justification in the evidence for a verdict of guilty upon the charge of lewd and lascivious conduct. Under the circumstances already related no further comment is necessary.

Judgment affirmed.

Stephens, P. J., concurred.