[Civ. No. 10557. Second Appellate District, Division One.—July 8, 1936.]

IDA G. LUFKIN, Respondent, v. PATTEN–BLINN LUMBER COMPANY (a Corporation), Appellant.

Dana R. Weller for Appellant.

Martin Forrest for Respondent.

WHITE, J., *pro tem.*—This is an action for damages brought by Ida G. Lufkin against Patten-Blinn Lumber Co., a corporation, and R. W. Dalton, for personal injuries sustained by plaintiff when struck by an automobile driven by defendant Dalton while plaintiff was crossing Main Street in the city of Los Angeles, at or near the intersection of Seventy-eighth Street, on December 15, 1934. The complaint alleged that at the time of the accident the automobile involved therein, which was owned by defendant lumber company, was being driven by defendant Dalton in the scope of his employment. The answer denied that defendant Dalton was at the time acting as the servant, agent or employee of the defendant lumber company, and further alleged that the driver of the automobile did not have the consent of the defendant lumber company to drive the automobile on the occasion of the accident.

With the issues thus framed, the cause was tried before the court, sitting without a jury. The trial court found that the defendant Dalton was not, at the time of the accident, performing any act as the servant, agent or employee of the defendant lumber company, but that he was driving the automobile with the consent, both express and implied, of his employer. Judgment was thereupon entered against both defendants in the sum of $2,150 and costs, from which judgment defendant Patten-Blinn Lumber Co. prosecutes this appeal, urging a reversal on the single ground that the record is barren of any evidence to support the finding and judgment against appellant lumber company.

The facts involved in the controversy are these: Defendant Dalton was an employee of appellant. The automobile involved in the accident was turned over to the employee and used by him in the course of appellant's business. Dalton kept the automobile in the garage at his home in South Pasadena without charge to appellant, the latter furnishing the gasoline and oil for the operation of the automobile. At all times since the automobile was delivered into his keeping, Dalton drove the automobile to and from his work. The latter testified that at no time was there any arrangement with appellant pertaining to the use of the automobile outside of working hours and when not engaged in the business of his employer. On the day of the accident Dalton was not on

duty for his employer, but was returning from a visit made of his own accord to his father in San Pedro.

■ Appellant earnestly insists that there are no circumstances shown in the record here from which it could be reasonably inferred that Dalton had appellant's permission to use the automobile for his own business or pleasure. If there is any substantial support for the finding of the trial court, this court cannot disturb it. An appellate court can rightfully set aside a finding for want of evidence only when there is no evidence to support it, or where the supporting evidence is so slight as to show abuse of discretion. (*Reay* v. *Butler,* 95 Cal. 206, 214 [30 Pac. 208].)

The liability of appellant is founded upon the provisions of section 1714¼ of the Civil Code, and is limited to the proposition that defendant Dalton was driving and operating appellant's automobile with the latter's express or implied permission. While in the instant case there is no direct or positive evidence that appellant specifically authorized defendant Dalton to operate the automobile for his personal use or pleasure, still the evidence is clear that appellant placed no restrictions upon the employee against the use by the latter of the automobile, and permitted him to keep the automobile at his home during his nonworking hours. ■ Conceding that conflicting inferences may be drawn by reasonable minds from this state of facts, the trial court having adopted one and rejected the other, its decision is binding upon the appellate court, the case being in substance the same as where the trial court decides upon the weight of contradictory evidence. (*Boland* v. *Gosser,* 5 Cal. App. (2d) 700 [43 Pac. (2d) 559]; *MacDermot* v. *Hayes,* 175 Cal. 95, 104 [170 Pac. 616]; *Haight* v. *Haight,* 151 Cal. 90 [90 Pac. 197]; *Paine* v. *San Bernardino etc. Co.,* 143 Cal. 654 [77 Pac. 659].) All intendments are in favor of the judgment arrived at upon conflicting testimony. Where the facts are such that contradictory inferences can reasonably be drawn from them, an appellate court will not substitute other inferences for those adopted by the trial judge. (*Hughes* v. *Quackenbush,* 1 Cal. App. (2d) 349, 354 [37 Pac. (2d) 99]; *Ketelhut* v. *Gunther,* 100 Cal. App. 409 [279 Pac. 1083]; *Coats* v. *Hathorn,* 121 Cal. App. 257 [8 Pac. (2d) 1038].) This is the rule even where the reviewing court might have reached a different conclusion. (*Conness* v. *McCarty,* 216 Cal. 415 [14 Pac. (2d) 507]; *Foxe*

v. *Southern Pacific Co.,* 121 Cal. App. 633 [9 Pac. (2d) 514];
*McGlothin* v. *Larussa,* 122 Cal. App. 324 [10 Pac. (2d) 116].)

■ Of course, testimony which is inherently improbable
may be disregarded (*Neilson* v. *Houle,* 200 Cal. 726 [254 Pac.
891]), but to warrant such action there must exist either a
physical impossibility of the evidence being true, or its falsity
must be apparent, without any resort to inferences or deduc-
tions. (*Powell* v. *Powell,* 40 Cal. App. 155 [180 Pac. 346];
*Stahmer* v. *Stahmer,* 125 Cal. App. 132 [13 Pac. (2d) 833].)

In the instant case, no officer of appellant lumber company
testified that the defendant Dalton did not have a right to
use the automobile for his personal business or pleasure at
the time of the accident here in question, while the latter
testified that at no time did appellant place any restrictions
upon his use of the automobile outside of working hours.
(*Haggard* v. *Frick,* 6 Cal. App. (2d) 392 [44 Pac. (2d) 447].)
This state of the evidence was, in our opinion, sufficient to
support the judgment against appellant under the rule an-
nounced in *Tieman* v. *Red Top Cab Co.,* 117 Cal. App. 40
[3 Pac. (2d) 381], and approved in *Dahl* v. *Spotts,* 128 Cal.
App. 133, 136 [16 Pac. (2d) 774], as follows:

"Appellants' failure to offer any evidence on these issues,
although obviously the best advised, requires that the above
evidence 'be estimated not only by its own intrinsic weight,
but also according to the evidence which it is in the power of
one side to produce and of the other to contradict'. (Code
Civ. Proc., sec. 2061, subd. 6.) ' "It is a well-settled rule that
when the evidence tends to prove a material fact which im-
poses a liability on a party, and he has it in his power to
produce evidence which from its very nature must overthrow
the case made against him if it is not founded on fact, and
he refuses to produce such evidence, the presumption arises
that the evidence, if produced, would operate to his preju-
dice, and support the case of his adversary." ' (*Bone* v.
*Hayes,* 154 Cal. 759, 765 [99 Pac. 172]; *Alloggi* v. *Southern
Pac. Co.,* 37 Cal. App. 72 [173 Pac. 1117]; *Perry* v. *Paladini,
Inc.,* 89 Cal. App. 275 [264 Pac. 580].)"

We have examined the cases cited by appellant, and are
of the opinion that they are distinguishable from the in-
stant case; and in the final analysis, each case must be judged
on its own facts. To our mind, the record herein contains
evidence of sufficient substantiality to warrant the trial court

in finding that the defendant Dalton had at least implied permission of appellant to use the automobile in question.

The judgment is affirmed.

York, Acting P. J., and Doran, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 3, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 4, 1936.