[Civ. No. 11920. Second Appellate District, Division One.—June 22, 1940.]

MATHIAS J. KIDROSKI et al., Respondents, v. PAUL S. ANDERSON, Appellant.

Daniel A. Knapp for Appellant.

Chase, Barnes & Chase and Thomas R. Suttner for Respondents.

WHITE, J.—Plaintiffs commenced this action to recover damages from defendants for personal injuries sustained as the result of an automobile accident. At the beginning of the trial it was announced that plaintiffs Edward J. Kidroski and Louise Kidroski had changed their names to Edward J. Ross and Louise Ross, and the pleadings were amended accordingly; also that the claim for damages in behalf of Edward J. Ross was waived. As to all defendants sued under fictitious names the complaint was dismissed. The remaining defendant, Paul S. Anderson, by his answer denied negligence upon his part and asserted that plaintiffs were guilty of contributory negligence which proximately caused their injuries. Following a trial before the court sitting without a jury, judgment was rendered in favor of plaintiffs. From such judgment this appeal is prosecuted.

Briefly, the facts are that about 8 o'clock on the evening of July 15, 1935, plaintiffs Louise Ross and Mildred Kidroski were walking north on the west sidewalk of Broadway toward the intersection of Broadway and Fifty-first Street in the city of Los Angeles. When they reached the southwest corner of the intersection they started to cross Broadway, and as

they proceeded across such thoroughfare they were struck by an automobile traveling south.

■ Appellant attacks the judgment of the trial court upon the single ground that it is unsupported by the evidence. The evidence being in conflict, we shall here set forth an epitome of the testimony which we conclude was of sufficient substantiality to justify the trial court in the conclusions arrived at. We find in the record testimony that when plaintiffs reached the intersection of Fifty-first and Broadway they stopped and waited for the traffic signal to authorize the movement of east and west traffic. When they first arrived at the corner the traffic signal was against them. They watched the northeast corner signal, and when it turned green they started to cross Broadway. They looked ''both ways'' as they stepped off the curb. The automobile which struck them was in the middle of the car tracks which bisect Broadway. There is in the record testimony that plaintiffs were struck by an automobile operated by defendant Paul S. Anderson; that such automobile was driven south against and through the traffic signals, which indicated ''stop'' for southbound traffic, and that the speed at which the automobile was traveling as it went through the intersection was between thirty and thirty-five miles per hour. It is true that there was evidence in conflict with the foregoing, but to the trial court exclusively belongs to the right to evaluate evidence, gauge its weight, and determine the credibility of witnesses.

The testimony which we have herein narrated is more or less corroborated by the testimony of defendant's wife, who was riding with him. Answering a question as to her knowledge of the accident, she testified, ''Well, just after we crossed the intersection, we were a little ways down, I don't know how many feet, when I saw a glimpse of a tan coat and felt a slight impact. Still I was not positive whether we had hit anything or what, so I turned around. After we passed I told my husband there were two women down on the ground.'' In addition to this, the trial court had before it testimony that after the accident defendant found his left front headlight damaged, as well as his admissions contained in the following testimony: ''Q. You did see these ladies in a flash and you put on your brakes? A. I wasn't positive what it was, really. Q. You saw something in front of your car? A. Not in front of my car, on the left-hand side. Q.

Did you feel any momentum when you started? A. Very slightly. Q. The impact, you felt it very slightly A. Yes."

It is not here necessary to set forth the testimony from which appellant contends it can be inferred that another automobile traveling at a high rate of speed struck the plaintiffs and knocked them against defendant's car, because no rule is more firmly grounded in our law than that which provides that appellate courts are not authorized to review evidence except where, on its face, it may justly be held that it is insufficient to support the ultimate issue involved, in which case it is not a review of a question of fact, but purely one of law. (*People* v. *Haydon*, 18 Cal. App. 543, 553 [123 Pac. 1102].) Before an appellate court can reject the positive testimony of a witness who is believed by the trial court the testimony must be inherently improbable. It is not sufficient that the testimony may disclose circumstances which are unusual. Let us reiterate that the appellate court does not sit as a jury to determine the issues of fact upon the credibility of the testimony of witnesses, and when the attack upon the judgment is made upon the ground that the evidence is insufficient to sustain such judgment, it becomes necessary for the appellant to show that the testimony which we are asked to reject is inherently improbable or that it was incompetent, or for some other reason not legal evidence upon which the court or jury could rely. In the instant case we are not directed to nor do we find anything in the record to justify this court in concluding from all the facts and circumstances here present that there was not sufficient legal evidence upon which the trial court could rely in determining that the negligence of defendant was the proximate cause of plaintiffs' injuries and that the latter were free from contributory negligence.

For the foregoing reasons the judgment is affirmed.

York, P. J., and Doran, J., concurred.