[Crim. No. 2338.  First Dist., Div. Two.  Sept. 27, 1945.]

THE PEOPLE, Respondent, v. LEWIS J. DAY, Appellant.

(1)

Edward E. Craig for Appellant.

Robert W. Kenny, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

DOOLING, J. pro tem.—The appellant Day and one Miramontes were convicted of first degree robbery. The evidence showed that on August 9, 1944, during the noon lunch hour Miramontes entered the office of the Housing Authority in the city of Richmond and at the point of a pistol compelled the two women employees then present to give him the cash on hand in the office. The only evidence connecting appellant with the robbery, other than his confession introduced over the objection that there was no proof of the corpus delicti as to him, is here recited:

Day had up to some time in July, 1944, been employed in the office of the Housing Authority; shortly before the robbery occurred Day was seen in front of the office and a few moments later one of the two women in the office received a

telephone call; this witness identified the voice of the man who made this call as that of Day and testified that Day, simulating a Spanish accent, told her that he was locked out of his apartment, giving the address of an apartment which the witness knew was not occupied by Day, and asked to have someone sent from the office with a key to admit him; there were then present in the office the two women and one man; in response to the telephone call the man left the office with the key to the apartment mentioned leaving the two women alone; a few minutes later Miramontes entered and, although he was only slightly acquainted with the office as a tenant of the Housing Authority, directed the women to get the key to the safe from the cash register and to open the safe which was in a back room and not visible from the outer office; and some days after the robbery the manager of the Housing Authority met Day and said to him that the robbery was well planned but poorly executed whereupon Day turned pale and walked away.

█ The fact that the robbery occurred was testified to positively and in detail by the two women present. It is the general rule that the foundation for the introduction of a confession is sufficient if the commission of the crime is established and the proof of the corpus delicti need not connect the defendant with the crime. (*People* v. *Fierro*, 58 Cal.App. 2d 215, 220 [136 P.2d 94]; *People* v. *Meyers*, 7 Cal.App.2d 351, 354 [46 P.2d 282]; 8 Cal.Jur. 236.)

Assuming, without deciding, that in this case, because the proof of the crime itself affirmatively showed that Day was not present when it was committed, proof of the corpus delicti as to him would require a showing of his connection with it, the facts above outlined were sufficient for that purpose. █ Only slight proof which prima facie establishes the corpus delicti is required as foundation for the admission of a defendant's confession. (*People* v. *Jones*, 123 Cal. 65, 68-9 [55 P. 698]; *People* v. *Bollinger*, 196 Cal. 191, 200 [237 P. 25]; *People* v. *Kaye*, 43 Cal.App.2d 802, 809 [111 P.2d 679]; 8 Cal.Jur. 235.) █ The jury could reasonably infer from the preliminary proof that Day, who was familiar with the office and had had an opportunity a few moments before to observe who was present therein, put in the telephone call to get the only man who was there at the time away from the office so that Miramontes would have only the two women to

deal with when he entered for the purpose of committing the robbery.

Appellant argues that the testimony of the witness that she recognized his voice over the telephone is inherently improbable. We quote from appellant's brief:

"If she had recognized Day's voice over the telephone and knew that he did not live at the address given where the lockout was, she certainly would have called it to his attention over the phone and she certainly would not have sent her superior on a wild goose chase."

This is an argument as to the credibility of the testimony for the triers of the facts to weigh and decide, and not for an appellate court. "Although an appellate court will not uphold a judgment or verdict based upon evidence inherently improbable, testimony which merely discloses unusual circumstances does not come within that category. (*Kidroski* v. *Anderson,* 39 Cal.App.2d 602, 605 [103 P.2d 1000].) To warrant the rejection of the statements given by a witness who has been believed by a trial court, there must exist either a physical impossibility that they are true, or their falsity must be apparent without resorting to inferences or deductions. (*Back* v. *Farnsworth,* 25 Cal.App.2d 212, 219 [77 P.2d 295] ; *Lufkin* v. *Patten-Blinn Lumber Co.,* 15 Cal.App.2d 259, 262 [59 P.2d 414] ; *Agoure* v. *Spinks Realty Co.,* 5 Cal.App.2d 444, 451 [42 P.2d 660] ; *Hughes* v. *Quackenbush,* 1 Cal.App. 2d 349, 354, 355 [37 P.2d 99] ; *Powell* v. *Powell,* 40 Cal.App. 155, 158, 159 [180 P. 346].) Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. (*Hicks* v. *Ocean Shore Railroad, Inc.,* 18 Cal. 2d 773, 781 [117 P.2d 850].)'' (*People* v. *Huston,* 21 Cal.2d 690, 693 [134 P.2d 758]. *Cf. People* v. *Stephens,* 66 Cal.App. 2d 755 [152 P.2d 1019].)

The appellant's written confession was complete and circumstantial. He stated that he planned the robbery, persuaded Miramontes to commit it, put in the telephone call concerning the fabricated lockout, and afterwards received a share of the stolen money from Miramontes. Neither defendant took the stand and the defense rested without producing any evidence. The jury was entitled to consider the confession, with the other proof, in determining whether ap-

pellant's guilt was established beyond a reasonable doubt. (*People* v. *Selby*, 198 Cal. 426, 439 [245 P. 426].) Upon the whole case they could not very well have entertained any reasonable doubt of appellant's guilt. This being so the claimed misconduct of the prosecution in the closing argument requires no extended comment. It was not aggravated and probably did not go beyond the scope of legitimate argument, a question which we need not pass upon because under the facts of this case appellant cannot show that it prejudicially influenced the jury.

The failure to instruct that the jury might bring in a verdict of second degree robbery as to appellant was not error. The crime proved, because of the use of a deadly weapon, was first degree robbery (Pen. Code, § 211a) and appellant was guilty as a principal (Pen. Code, §§ 31, 971). The proof furnished by appellant's confession leaves no doubt that he contemplated the use of a deadly weapon in the commission of the crime. We quote: "I had made the remark it would be easy to stick the place up. . . . I suggested to Charles (Miramontes) that it would be easy to hold the place up. . . ."

Judgment and order denying appellant's motion for new trial affirmed.

Nourse, P. J., and Goodell, J., concurred.