[Crim. No. 4096.   Second Dist., Div. Three.   July 10, 1947.]

THE PEOPLE, Respondent, v. EDWARD O. CAMPBELL, Appellant.

Ray L. Smith for Appellant.

Fred N. Howser, Attorney General, and Henry A. Dietz, Deputy Attorney General, for Respondent.

KINCAID, J. pro tem.—Appeal is taken by the defendant from the judgment and the order of the trial court denying his motion for a new trial following his conviction after trial by court of the offense of violation of section 288 of the Penal Code. No judgment was pronounced and probation was granted. The order appealed from and the judgment of conviction are attacked solely on the ground of the insufficiency of the evidence based upon the contention that the testimony of the complaining witness, a 9-year-old girl, is inherently improbable and not entitled to the credence necessary to uphold the conviction.

It seems unnecessary to render a detailed recital of the evidence in the case, it being sufficient to say that there is ample direct evidence to show the commission of acts by defendant on the person of the complaining witness falling within the provisions of section 288, Penal Code, which, if not incredible, furnish adequate support for the judgment and order denying new trial. There is no material disparity in the testimony of the complaining witness and the defendant as to the circumstances and incidents leading up to the acts complained of. Such evidence discloses that they were left alone together for some 12 or 13 minutes, they danced together, and were together at the davenport thereafter. Defendant concedes that the child was close to and directly in front of him while he was seated on the davenport, that she put her arms around his neck and he asked her if that was the way she hugged her boy friend; that she started hugging him a little harder at which time he leaned back, throwing her off balance and causing her to fall over him on the davenport; he lost his cigarette and in reaching for it bent his head

down into contact with her legs. The complaining witness stated that the acts occurred by use of force upon her. Defendant argues that her testimony was not only inherently improbable but that the commission by him of the acts of which complaint is made was physically impossible.

Corroboration of the child's testimony is not a prerequisite to a finding of guilt. (*People* v. *Carlson,* 73 Cal. App.2d 933, 936 [167 P.2d 812]; *People* v. *Spillard,* 15 Cal. App.2d 649 [59 P.2d 887].) The right of courts on appeal to set aside jury verdicts or judgments of a court in a case tried without a jury wherein sex crimes committed upon and with children are involved upon the ground that the testimony of the complaining witness therein is inherently improbable has been fully discussed in the recent cases of *People* v. *Jackson,* 63 Cal.App.2d 586 [147 P.2d 94], and *People* v. *Carlson, supra.* As was said by our Supreme Court in *People* v. *Huston,* 21 Cal.2d 690, 693 [134 P.2d 758] : "Although an appellate court will not uphold a judgment or verdict based upon evidence inherently improbable, testimony which merely discloses unusual circumstances does not come within that category. (*Kidroski* v. *Anderson,* 39 Cal.App.2d 602, 605 [103 P.2d 1000].) To warrant the rejection of the statements given by a witness who has been believed by a trial court, there must exist either a physical impossibility that they are true, or their falsity must be apparent without resorting to inferences or deductions. (*Back* v. *Farnsworth,* 25 Cal.App.2d 212, 219 [77 P.2d 295] ; *Lufkin* v. *Patten-Blinn Lumber Co.,* 15 Cal.App.2d 259, 262 [59 P.2d 414] ; *Agoure* v. *Spinks Realty Co.,* 5 Cal.App.2d 444, 451 [42 P.2d 660] ; *Hughes* v. *Quackenbush,* 1 Cal.App.2d 349, 354, 355 [37 P.2d 99] ; *Powell* v. *Powell,* 40 Cal.App. 155, 158, 159 [180 P. 346].) Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. (*Hicks* v. *Ocean Shore Railroad, Inc.,* 18 Cal.2d 773, 781 [117 P.2d 850].) "

The evidence, when reviewed in the light of the principles enunciated in the foregoing cited cases, fails to convince us that as a matter of law the testimony given by the complaining witness was either inherently improbable or that the acts of which complaint is made were impossible of com-

mission. The fact that they were of a revolting character does not prove that it was inherently improbable that the defendant committed them. (*People* v. *Wasenius*, 113 Cal.App. 106 [297 P. 966]; *People* v. *Carlson, supra,* p. 939.) Furthermore, the trial judge had the opportunity of seeing and hearing the witnesses and was in a better position to evaluate the weight and sufficiency of their testimony than can possibly be disclosed by a mere reading of the written record. His denial of the defendant's motion for a new trial has again placed his stamp of approval upon the judgment of conviction. Under all of the facts and circumstances of this case and giving full consideration to the weight and sufficiency of the evidence his conclusion will not be disturbed.

The order from which this appeal is taken denying defendant's motion for a new trial is affirmed. There being no judgment, the attempted appeal therefrom is dismissed.

Shinn, Acting P. J., and Wood, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 7, 1947.