[Crim. No. 2020.   Third Dist.   Dec. 15, 1947.]

THE PEOPLE, Respondent, v. ROBERT WILDE,
Appellant.

Robert A. Zarick for Appellant.

Fred N. Howser, Attorney General, and Doris Maier, Deputy Attorney General, for Respondent.

ADAMS, P. J.—But two contentions are raised on this appeal which has been taken from a judgment of conviction of a violation of chapter 339, section 2, Statutes of 1923, p. 695 (1 Deering's Gen. Laws, Act 1970, p. 864), which makes it a crime for an ex-convict to have possession of a deadly weapon. The first ground of reversal urged is that, aside from the admissions of defendant, there is no evidence that he was ever in possession of a deadly weapon; and second, that the trial court committed reversible error in failing to instruct the jury that they must be satisfied by independent evidence of such possession before they could convict the defendant.

The evidence shows, without contradiction, that defendant is an ex-convict; that on the evening of December 28, 1946, he was in an automobile parked in front of the C. & B. Liquor Store, at 21st and Broadway in Sacramento, about 10 p. m.; that two police officers, who had gone to this place in response to a call, saw defendant in said automobile, at which time he wore a black snow cap and a jacket; that when the police officers approached defendant's car, defendant hastily left at a fast rate of speed; that the officers followed but lost the car in the traffic a few blocks away, but 10 or 15 minutes later found it parked in the vicinity of 20th Street, between Yale and X Streets; that defendant was then standing behind the car, the lights of which were out, changing his upper garments; that as soon as the officers appeared he jumped into his car and again left at high speed; and that though the officers pursued him and used their siren frequently, defendant failed to stop until one of them fired a shot over his head. It further shows that after defendant was apprehended and taken to the police station the two officers returned to the vicinity of 20th, Yale and X Streets, which they described as "a rather deserted spot" without other cars or people there, and after a search of the vicinity found a .45 caliber automatic pistol ready for firing and with a shell in the chamber and with a clip attached containing ammunition. The gun was under a paper box about 3 feet from the sidewalk on the side of the street where defendant had been changing his clothes, and from 35 to 40 feet from the spot where defendant's car had been parked.

Was this evidence, then, sufficient proof of the corpus delicti to furnish a foundation for the introduction of defendant's confession? ▮ That the corpus delicti may be

proven by circumstantial evidence and reasonable inferences drawn therefrom is well established (*People* v. *Ives,* 17 Cal. 2d 459, 463 [110 P.2d 408]; *People* v. *Pruitt,* 55 Cal.App.2d 272, 274 [130 P.2d 767]; *People* v. *Kaye,* 43 Cal.App.2d 802, 810 [111 P.2d 679]).

In the Pruitt case, *supra* (hearing in Supreme Court denied), the court said, page 274: "It is not necessary that the corpus delicti be proved by direct and positive evidence. Circumstances may be more convincing. (*People* v. *Spencer,* 58 Cal.App. 197 [208 P. 380].) It is neither the fashion, the custom nor the disposition of violators of penal statutes to choose an audience or the glare of calcium lights as conditions for the commission of their crimes. Of this courts must be ever mindful in considering the crime, the parties involved and the circumstances detailed. (*People* v. *Patello,* 125 Cal. App. 480 [13 P.2d 1068]; *People* v. *Bonilla,* 114 Cal.App. 219, 225 [299 P. 784]; *People* v. *Baker,* 94 Cal.App. 628 [271 P. 765].)"

In *People* v. *Harshaw,* 71 Cal.App.2d 146, 149 [161 P.2d 978], the court said that the corpus delicti need be proved by only slight evidence to lay the foundation for the introduction of evidence of a confession, citing *People* v. *Bollinger,* 196 Cal. 191, 200 [237 P. 25]; *People* v. *Kaye, supra,* at page 809, and 8 Cal.Jur. 235. Also see *People* v. *McMonigle,* 29 Cal.2d 730, 738 [177 P.2d 745]; *People* v. *Smith,* 72 Cal. App.2d Supp. 875, 877 [164 P.2d 857]; *People* v. *Hudson,* 139 Cal.App. 543, 544 [34 P.2d 741].

We cannot say that the evidence above set forth did not furnish a sufficient foundation for the admission of defendant's confession that he had had possession of the gun and had concealed it at the spot where it was found by the officers.

As for the contention that the trial court should have instructed the jury that "they must be satisfied by independent evidence of such possession before they could convict defendant," if, by this statement, it is meant by appellant that the jury should have been instructed that they could not convict the defendant unless they were satisfied beyond a reasonable doubt by evidence other than his confession, that defendant was in possession of the gun, we cannot agree that such is the law. Appellant cites *People* v. *Bender,* 27 Cal.2d 164 [163 P.2d 8], and *People* v. *Holt,* 25 Cal.2d 59 [153 P.2d 21], but in neither of those cases was the confession

of the defendant involved, nor did the court hold that where a defendant has confessed his commission of a crime his guilt must be established by evidence independent of the confession.

The record before us does not contain the instructions given nor any instructions requested and refused. Attached to the clerk's transcript is a stipulation signed by counsel for appellant, the attorney for respondent, and the trial judge, which sets forth that during the course of the trial the following request was made to the court:

"Robert Wilde
Request for special instructions

(1) Oral Declarations

(2) Oral admissions to corroborate possession of deadly weapons if not satisfied that proof independent or prima facie evidence of possession independent of oral admissions";

and further stating that the only instruction given concerning oral declarations and/or corpus delicti was, "You are instructed that evidence offered by the prosecution of oral declarations, or statements of the defendant ought to be received by you with caution."

It is apparent from the foregoing that what kind of an instruction defendant was requesting under heading (2) is uncertain; and he apparently offered none himself. It was said in the Bender case, *supra*, that it is the duty of the court in criminal cases to give of its own motion instructions on the general principles of law pertinent to such cases when they are not proposed or presented in writing by the parties themselves, but it is not its duty to give instructions upon specific points developed through evidence introduced at the trial, unless such instructions are requested by the party desiring them; and that when the court fully and fairly charges the jury upon the law appertaining to the facts of the case its failure to instruct on any particular matter deemed essential is not error in the absence of a request for such an instruction. Appellant cites no authority holding that an instruction that the jury must be satisfied by independent evidence of the possession of the gun by defendant before they could convict him, is essential.

In *People* v. *Selby*, 198 Cal. 426, the court said, at pages 438-439 [245 P. 426]:

"It may finally be said that the authorities are unanimous on the proposition that the *corpus delicti* is not required to be established to a moral certainty and beyond a reasonable doubt before the extrajudicial statements, admissions, or confessions of a defendant may be received in evidence— *prima facie* proof of the *corpus delicti* being sufficient for that purpose. And, with the exception of *People* v. *Tapia, supra* [131 Cal. 647 (63 P. 1001)], and *People* v. *Wagner, supra* [29 Cal.App. 363 (155 P. 649)], the rule is likewise unanimously declared that it is *not* necessary that the jury in resolving the question of the guilt or innocence of a defendant upon all the evidence in the case should, before considering for any purpose the extrajudicial statements, admissions, or confessions of a defendant, be first satisfied to a moral certainty and beyond a reasonable doubt that the *corpus delicti* has been established by evidence aliunde.

"When the case is submitted for their verdict the jury may consider *all* the evidence in the case, including the extrajudicial statements, admissions or confessions of the accused, in determining whether or not all the elements of the offense charged and the connection therewith of the accused have been established to a moral certainty and beyond a reasonable doubt. If this were not the correct rule, proof of the extrajudicial statements, admissions, or confessions of the accused would have no utility except to connect him with the crime charged. The general rule is that unless evidence is admitted for a limited purpose it will be considered for every purpose. Any expressions in *People* v. *Tapia, supra,* and *People* v. *Wagner, supra,* to the contrary of what we have declared are at variance with the authorities and are not binding." And an instruction proposed in that case, which is seemingly similar to what is here contended should have been given, was held properly refused. (Also see *People* v. *McMonigle, supra,* at pp. 738-740; *People* v. *Day,* 71 Cal. App.2d 1, 4 [161 P.2d 803]; *People* v. *Harshaw, supra,* at p. 149.)

The judgment and the order denying a new trial are affirmed.

Peek, J., and Thompson, J., concurred.