[Crim. No. 4268.   Second Dist., Div. Two.   May 4, 1949.]

THE PEOPLE, Respondent, v. EDWARD A. TODD, Appellant.

Gladys Towles Root for Appellant.

Fred N. Howser, Attorney General, and James A. Doherty, Deputy Attorney General, for Respondent.

MOORE, P. J.—Defendant having been convicted under two counts for violating section 288 of the Penal Code, demands a reversal of both judgments upon two grounds, to wit, (1) insufficiency of the evidence and (2) errors in the instructions.

The sufficiency of the proof in testing the validity of a judgment is not determinable from the testimony adduced by appellant or by a balancing of the evidence presented by him against that introduced by the People. It is sufficient on appeal if that of the prosecution is substantial under any reasonable hypothesis. (*People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778].) The trial court is still the arbiter of factual disputes and its reasonable findings, express or implicit, will not be disturbed when based upon substantial evidence.

### EVIDENCE SUFFICIENT

Appellant is a gardener 66 years of age. He lived in a residential section of Long Beach. He had two daughters

who with three of his grandchildren resided in his home. He worked in his own community and was known among the children as "grandpa." On January 31, 1948, while he was at home his grandchildren played dolls on the porch. About 11:30 a. m. while the complaining witness, a girl of 10½ years, herein referred to as Alma, was among them, he called her into his house. After he had conversed with her for a while as they sat on the couch and talked, he asked her into a bedroom to get some candy; he there laid her on the bed, and did acts clearly in violation of section 288, fully detailed by the child. After having kissed her on the neck he admonished her not to tell anyone.

Two weeks later on Valentine Day while Alma was at her own home alone and her mother and grandmother were at their places of employment, appellant called in the afternoon and accompanied by his two grandsons raked the lawn. She invited him in for a drink of water. He entered the house with the two boys and received his water in the kitchen. After the boys had departed appellant helped Alma clean the house and dishes. He served himself to a drink from a bottle labeled "Black and White" and to a lemon which he ate as they visited in the living room. He then took the girl by the shoulders and "started bumping her form against himself." After repeating this performance he led her into a bedroom, removed one of her legs from her slacks, laid her on the bed, kissed her mouth, neck and breast, and did other acts violative of section 288. They returned to the living room where appellant again sucked the girl's breast, kissed a "monkey bite" on her neck and resumed the eating of the lemon. At that juncture the mother drove up the driveway and entered the rear door where she passed appellant who still held his lemon.

Although corroboration is not required the child's testimony was corroborated as will herein appear. While the majority of the convictions under the section were based upon the defendant's having touched the more intimate part of the child's anatomy a number of judgments have been upheld based upon the acts of the accused in lewdly touching the child's hand (*People* v. *Anthony*, 20 Cal.App. 586 [129 P. 968]); his pinching the child's breast (*People* v. *Epperson*, 7 Cal.App.2d 125 [45 P.2d 359]); his being alone with her for 12 minutes when they danced together, permitting her to hug his neck, causing his head to come in contact with her legs (*People* v. *Campbell*, 80 Cal.App.2d 798 [182 P.2d 626]);

his placing his tongue in the child's mouth (*People* v. *Ash*, 70 Cal.App.2d 583 [161 P.2d.415]); his biting and kissing her on the chest (*People* v. *Bronson*, 69 Cal.App. 83 [230 P. 213]).

Since corroboration in such prosecutions is not essential to a valid judgment (*People* v. *Westek*, 31 Cal.2d 469, 473 [190 P.2d 9]) appellant has but slight basis for complaint on the ground of insufficiency of the evidence. While Alma was a childish, inexperienced witness, she unfolded an intelligible story in a manner and in language calculated to convince the disinterested and which from its setting and its author, her age and environment, is not only inherently probable, but contains the substance which, if believed, left no escape for appellant. It contained no serious contradictions, and displayed no inherent weaknesses. In no material respect did it depart from her narrative detailed at the examining trial.

That other witnesses gave testimony favorable to appellant is not a novelty and that their reports may be perfectly accurate and truthful is not impossible. But what they said was rejected by the jury which instead believed the recitals of the girl. The testimony of the prosecutrix' young friend that she and Alma spent the entire afternoon of February 14 at a theater is of a pattern with the rejected evidence of many alibis. The jury may have wholly disbelieved it or may have determined that the young lady was honestly mistaken as to the day. From a conviction based upon the proof of the prosecution contradicted only by denials and a rejected alibi there is no relief by appeal unless it be demonstrated that the trial court erred in the matters of law assigned as error by appellant.

### No Prejudicial Instructions

Appellant assigns as prejudicial the court's refusal to read the following instruction to the jury: "By reason of the fact that charges of the nature involved in this case can easily be made and are often not easy to disprove, I instruct you that it is your duty to treat with great care and caution the testimony of the complaining witness. The fact that the charges here made, however, are ones not easy to disprove should not deter you from rendering a verdict of guilty.in the event you are convinced by the evidence beyond a reasonable doubt that the defendant is guilty as charged. On the other hand, you are not to be moved by passion, sympathy or prejudice to find a verdict of guilty on the charge contained in the information, and unless you are convinced beyond a reason-

able doubt from the evidence that the defendant is guilty as charged in the information, you should find the defendant not guilty.'' This instruction was not necessary as the following had already been read to the jury. ''The Court instructs the jury that the evidence of children must be scrutinized with great care and in determining the credibility of such evidence, you may take into consideration the probability of such evidence, whether the children testifying tell a straight story or contradict themselves, whether their testimony is corroborated or otherwise, whether their testimony is consistent with the physical facts as shown by the evidence, whether such witnesses have been coached or otherwise, whether their testimony shows a knowledge of things and the use of words beyond the knowledge of children of such tender years, and from these, together with all the other rules laid down in these instructions for your guidance, determine the weight, if any, you will give to such testimony.''

Appellant asserts (1) that the latter instruction is only one of the cautionary instructions offered and that standing alone it does not fully state the law as announced in *People* v. *Putnam,* 20 Cal.2d 885 [129 P.2d 367], to wit, ''that such charge is easily made and difficult to disprove''; (2) that it attempts to limit the rule of the Putnam case to the particular instances mentioned in the instruction given and says nothing about the true reason for the rule, namely, that such a case should not go to a jury upon the sole testimony of the prosecutrix without a warning of the danger of a conviction on such uncorroborated testimony. (*People* v. *Adams,* 14 Cal.2d 154, 163 [93 P.2d 146].) He impliedly asserts that the rejected instruction would have been more nearly a correct expression of the law. The answer to those criticisms is threefold: (1) Caljic instruction 527* was read to the jury and it includes the substance of appellant's rejected instruction. (2) The

---

*''It is not essential to a conviction in this case that the testimony of the prosecuting witness be corroborated by other evidence, provided that from all the evidence you are convinced beyond a reasonable doubt and to a moral certainty of the defendant's guilt. However, a charge such as that made against the defendant in this case is one which, generally speaking, is easily made, and, once made, difficult to disprove even if the defendant is innocent. From the nature of a case such as this, the complaining witness and the defendant usually are the only witnesses. Therefore I charge you that the law requires that you examine the testimony of the prosecuting witness with caution.

''In giving this instruction I do not mean to imply an opinion of my own as to the credibility of any witness.'' [Caljic is a volume of approved jury instructions commonly in use in criminal trials.]

second sentence of 527 is compliance with the rule of *People* v. *Putnam, supra.* (*People* v. *Westek,* 31 Cal.2d 469, 482 [190 P.2d 9].) (3) The prosecutrix was not wholly uncorroborated. There was testimony concerning appellant's admissions "that he may have kissed her because he kissed all the children in the neighborhood"; he did not know he had kissed her hard enough to make a "monkey bite"; the mother observed the red spots on Alma's neck and breast; also she met appellant coming out of her home near the time of the act as testified by Alma. Moreover, such testimony might reasonably have justified the deduction that such kissing alone effected the results forbidden by section 288. Aside from the corrboration the instruction does not limit the application of the rule in *People* v. *Putnam, supra,* but generously warned the jury of their likelihood of being misled by a young child's testimony concerning so repulsive and grave an accusation.

It is asserted that the court erred in instructing the jury to "view with caution the testimony of any witness which purports to relate an oral admission of the defendant or an oral confession by him." By no method of ratiocination can such language be made to appear prejudicial. It is not only favorable to appellant but it relates to appellant's "admission" concerning purely factual matters, all of which the jury heard. (See *People* v. *Cryder,* 90 Cal.App.2d 194, 203 [202 P.2d 765].) That the word "confession" was used in the alternative could not, in the light of the evidence, reasonably have been construed to mean that appellant had confessed to the accusation.

Appellant assigns the following as prejudicially erroneous: "To constitute the offense charged in the information it is not necessary that the bare skin of the minor be touched. The touching, fondling, rubbing or feeling of the body, members or private parts of a minor, under the age of fourteen years, with the intent of arousing, appealing to and gratifying the lusts, passions, and sexual desires of either the minor or the accused constitutes the offense charged in the information, even though such touching, fondling, rubbing or feeling was through the clothing of the minor."

It is argued that this instruction is defective in that it does not inform the jury that the act must be lewd or lascivious and therefore violates the doctrine that *an instruction to convict must state all the conditions necessary to a legal conviction.* (*People* v. *Ranney,* 213 Cal. 70 [1 P.2d 423].) The force of such criticism is dissipated by the fact that the ele-

ment omitted was contained in the next preceding instruction' as follows: ''Every person who wilfully and lewdly commits any lewd or lascivious act upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child is guilty of a crime.'''

The reading of the foregoing sufficiently supplemented the criticized instruction. The charge as a whole discloses that the jury were correctly advised as to the law pertaining to all the issues.

Both judgments are affirmed.

McComb, J., and Wilson, J., concurred.